**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| RACHEL ROLOFF,<br>Individually and as Special Administrator<br>Of the Estate of WILLIAM J. MARTIS,<br>Deceased,<br><br>    Plaintiff,<br><br>    vs.<br><br>BP AMERICA, INC.,<br>BP AMOCO CHEMICAL COMPANY,<br>MALLINCKRODT CHEMICAL, INC.,<br>    INDIVIDUALLY AND AS<br>    SUCCESSOR AND F/K/A<br>    JT BAKER CHEMICAL CO.<br>    A/K/A MALLINCKRODT<br>    BAKER INC.,<br>UNIVAR USA, INC., INDIVIDUALLY<br>    AND AS SUCCESSOR TO AND<br>    F/K/A VAN WATERS & ROGERS<br><br>    Defendants. | Case No.<br><br>Judge:<br><br>FILED: APRIL 11, 2008<br>08CV2085        EDA<br>JUDGE KENDALL<br>MAGISTRATE JUDGE SCHENKIER |

**NOTICE OF REMOVAL TO FEDERAL COURT**
**BASED ON DIVERSITY JURISDICTION**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants, UNIVAR USA, INC.,

Individually and as Successor to and f/k/a VAN WATERS & ROGERS (hereinafter, "Univar"),

and MALLINCKRODT CHEMICAL, INC., Individually and as Successor and f/k/a JT Baker

Chemical Co. a/k/a MALLINCKRODT BAKER INC. (hereinafter, "Mallinckrodt"), through

their respective counsel, hereby submit this Notice of Removal to the United States District

Court for the Northern District of Illinois, Eastern Division, of the above-styled action, pending

in the Circuit Court of Cook County, Illinois, Law Division, as Case No. 07 L 13912. In support

of this petition and as grounds for removal, Defendants state as follows:

1.      Plaintiff filed an action styled *Rachel Roloff v. BP America, Inc., BP Amoco Chemical Co., Mallinckrodt Chemical, Inc., individually and as successor and f/k/a JT Baker Chemical Co. a/k/a Mallinckrodt Baker Inc., and Univar USA, Inc., individually and as successor to and f/k/a Van Waters & Rogers*, Civil Action File No. 07 L 13912, in the Cook County Circuit Court on December 13, 2007.  Univar and Mallinckrodt were served with the Complaint, and both of these Defendants subsequently filed their answers.  (A copy of the Complaint and Answer and Affirmative Defenses, together with all pleadings, processes, and orders served on Defendants are attached hereto as **Exhibit A**.)

2.      This action arises out of Plaintiff's allegations of the purported wrongful death of William J. Martis due to alleged exposure to benzene supplied by Defendants that allegedly resulted in loss of financial support, love, guidance, advice and other consortium.  (*See* Compl., ¶¶ 4, 8, 15.)  In her Complaint, Plaintiff asserts claims of negligence (Survival Act, Wrongful Death and Family Expense Act) and strict liability (Survival Act, Wrongful Death and Family Expense Act) against Univar and Mallinckrodt.  (*See id.*, Counts I through VI.)  In each of the six counts pled against Univar and Mallinckrodt, Plaintiff seeks in excess of $50,000 in compensatory damages.  (*See id.*)  Plaintiff had also averred fraudulent representation, battery, negligence and willful and wanton conduct against two entities, BP America, Inc. and BP Amoco Chemical Company.  (*See id.*, Counts VII through X.)

3.      On April 1, 2008, BP America Inc. and BP Amoco Chemical Company brought a Motion to Dismiss with Prejudice Pursuant to Stipulation with the Plaintiff.  (Mot. to Dismiss attached hereto as **Exhibit B**.)  Plaintiff, through counsel, executed a stipulation to dismiss these two entities.  (*See id.*)  By order, the Court granted this motion on the same date.  (*Id.*)

4.     Plaintiff's stipulation to the dismissal of these two entities from the case has put this case in a position for removal, pursuant to 28 U.S.C. Sections 1332 and 1446, because complete diversity has resulted from the dismissal of BP America Inc. and BP Amoco Chemical Company, two entities allegedly located in Joliet, Illinois.  (Compl., ¶ 8, 31.)

5.     Now, the Court has original jurisdiction over this matter.  The action may be removed to this Court under 28 U.S.C. §§ 1332 and 1441 because it is an action wherein the purported amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and there is diversity of citizenship between the Plaintiff and remaining Defendants.

6.     Based upon the allegations of the Complaint and upon information and belief, Plaintiff is a citizen of the State of Florida.  (*See* Compl., ¶ 1.)

7.     Defendant, Univar, is a corporation duly organized and incorporated in the State of Washington.  Univar maintains its principal place of business and its headquarters in the State of Washington.  Therefore, at all pertinent times, Univar is and has been a citizen of the State of Washington.

8.     Defendant, Mallinckrodt, is a corporation duly organized and incorporated in the State of New Jersey.  Mallinckrodt maintains its principal place of business and its headquarters in the State of New Jersey.  Therefore, at all pertinent times, Mallinckrodt is and has been a citizen of the State of New Jersey.

9.     Based upon the relief Plaintiff seeks, the amount in controversy exceeds $75,000. While Defendants contest the merits of the Complaint, the alleged damages sought by Plaintiff are significant and purportedly in excess of $75,000 in this wrongful death case.  Specifically, Plaintiff claims that the decedent, William J. Martis, developed a chemically induced disease, myelofibrosis, which disabled and disfigured him and ultimately caused his untimely death.

(Compl., ¶ 12.) Plaintiff avers that the decedent became liable for large sums of monies for this disease and that prior to death, the decedent experienced great physical pain and mental anguish. (*Id.*) For these injuries and liabilities, Plaintiff avers six counts of damages against these Defendants, with each count purportedly exceeding $50,000. So, for example, the amount in controversy between Plaintiff and Univar, alone, exceeds $75,000 because Plaintiff has averred that Univar caused the decedent to develop a chemically induced disease, which disabled and disfigured him and ultimately caused his untimely death. (*See* Compl., ¶ 12.)

10.     This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b), as it is filed within 30 days after Defendants received a copy of the order granting the Motion to Dismiss, without prejudice and pursuant to stipulation, whereby this case first became removable. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68-69, 117 S. Ct. 467, 473 (1996). A voluntary act by the Plaintiff—in stipulating to the Motion to Dismiss without prejudice to the non-diverse Defendants—brought about this change that makes the suit removable. *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 71-72 (7th Cir. 1992).

11.     Venue lies in the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1446(a), because the original action was filed within this District and Division.

12.     The only defendants remaining in this matter have consented to removal.

13.     Plaintiff has not requested a trial by jury in the Complaint.

14.     To date, the only process, pleadings and documentation served on Univar and Mallinckrodt have consisted of the documents contained in Exhibits A and B.

15.     For the reasons stated, this action is removable to this Court pursuant to §§ 1441 and 1446, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

16.    In accordance with 28 U.S.C. § 1446(d), promptly after or concurrently with the filing of this Notice of Removal, Defendants will provide written notice of this Notice of Removal to Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Court of the Circuit Court of Cook County, Illinois.

WHEREFORE, Defendants, UNIVAR USA, INC., Individually and as Successor to and f/k/a VAN WATERS & ROGERS and Mallinckrodt Chemical, Inc., Individually and as Successor and f/k/a JT Baker Chemical Company a/k/a Mallinckrodt Baker Inc. (hereafter "Mallinckrodt"), respectfully request that this action be removed from the Circuit Court of Cook County to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Respectfully Submitted,

By: _____
UNIVAR USA, INC., Individually and
Successor to and f/k/a
VAN WATERS & ROGERS

Eric L. Samore, ARDC # 6181345
Molly A. Arranz, ARDC # 6281122
Darren P. Grady, ARDC # 6289608
SMITH AMUNDSEN, LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601
Phone: (312) 894-3200
Fax:    (312) 894-3210

By: _____
MALLINCKRODT    CHEMICAL,    INC.,
Individually and as Successor and f/k/a
JT Baker Chemical Co.
a/k/a MALLINCKRODT BAKER INC.

Robert J. McLaughlin
Donald Segal
SEGAL MCCAMBRIDGE SINGER &
MAHONEY, LTD.
Sears Tower
233 S. Wacker Drive, Suite 5500
Chicago, Illinois 60606
Phone: (312) 644-3534
Fax:    (312) 645-7711

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| RACHEL ROLOFF,<br>Individually and as Special Administrator<br>Of the Estate of WILLIAM J. MARTIS,<br>Deceased,<br><br>      Plaintiff,<br><br>      vs.<br><br>BP AMERICA, INC.,<br>BP AMOCO CHEMICAL COMPANY,<br>MALLINCKRODT CHEMICAL, INC.,<br>    INDIVIDUALLY AND AS<br>    SUCCESSOR AND F/K/A<br>    JT BAKER CHEMICAL<br>    CHEMICAL COMPANY<br>    A/K/A MALLINCKRODT<br>    BAKER INC.,<br>UNIVAR USA, INC., INDIVIDUALLY<br>    AND AS SUCCESSOR TO AND<br>    F/K/A VAN WATERS & ROGERS<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 07 L 13912<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

---

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 11th day of April 2008, she served the Defendants, **Notice of Filing of Removal to Federal Court** and **Notice of Removal to Federal Court Based on Diversity Jurisdiction** on all counsel of record via first class mail by depositing same into an envelope properly sealed and with proper postage prepaid, at 150 North Michigan, Chicago, Illinois before 5:00 p.m., on the 11th day of April, 2008.

        [x]    Pursuant to 28 USC Section 1746(2),
                  I certify under penalty of perjury that
                  the foregoing is true and correct.
                  Executed on:  April 11, 2008.

               _Molly A. Arany_

Eric L. Samore, ARDC # 6181345
Molly A. Arranz, ARDC # 6281122
Darren P. Grady, ARDC # 6289608
SMITH AMUNDSEN LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200
Counsel for Defendant,
UNIVAR USA, INC.

**SERVICE LIST**

Hershel L. Hobson
Law Offices of Hershel L. Hobson
2190 Harrison
Beaumont, TX  77701
409-838-6410
409-838-6084 (fax)

Robert Wadington
Robert Wadington & Associates
111 W. Washington Street, Ste. 1460
Chicago, IL  60602-2703
312-629-2706
312-629-8022

Robert J. McLaughlin
Donald Segal
Segal McCambridge Singer & Mahoney, Ltd.
Sears Tower
233 S. Wacker Drive
Suite 5500
Chicago, IL  60606
312-645-7800
312-644-3534 (direct)
312-645-7711 (fax)
RMcLaughlin@SMSM.com

Colin Theis
Shook, Hardy & Bacon
2555 Grand Blvd
Kansas City, MO  64108
816-559-2124
816-474-6550
816-421-5547 (fax)
ctheis@shb.com

# EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

RACHAEL ROLOFF,                        §
Individually and as                    §
Special Administrator of the           §
Estate of WILLIAM J. MARTIS,           §
Deceased,                              §
                                       §
                    Plaintiff          §
                                       §
VS.                                    §        No. _____
                                       §
BP AMERICA INC.                        §
BP AMOCO CHEMICAL COMPANY,             §
MALLINCKRODT CHEMICAL, INC.,           §
     INDIVIDUALLY AND AS               §
     SUCCESSOR AND F/K/A               §
     JT BAKER CHEMICAL COMPANY         §
     A/K/A MALLINCKRODT BAKER INC.,    §
UNIVAR USA INC., INDIVIDUALLY          §
     AND AS SUCCESSOR TO AND F/K/A     §
     VAN WATERS & ROGERS,              §
                                       §
                    Defendants.        §



2007L013912
CALENDAR/ROOM Z
TIME 00:00
Medical Malpractice

## ORIGINAL COMPLAINT AT LAW

### COUNT I (NEGLIGENCE/SURVIVAL ACT)

NOW COMES the Plaintiff, **RACHAEL ROLOFF, Individually and as Special Administrator of the Estate of WILLIAM J. MARTIS, Deceased,** by and through her attorneys, ROBERT WADINGTON & ASSOCIATES and THE LAW OFFICES OF HERSCHEL L. HOBSON, and for her cause of action against the Defendants, states:

1.      That **RACHAEL ROLOFF** is a resident of the State of Florida and is the Special Administrator of the Estate of the deceased, **WILLIAM J. MARTIS.**

2.      Plaintiff brings this action pursuant to 755 ILCS 5/27-6.

3.      This action is brought by **RACHAEL ROLOFF** as Special Administrator of the Estate of **WILLIAM J. MARTIS,** Deceased, on behalf of each of the

1

beneficiaries of **WILLIAM J. MARTIS**, pursuant to the Illinois Wrongful

Death Act, 740 ILCS 180/2.1 et seq. The beneficiaries are:

    **RACHAEL ROLOFF** - daughter

    **TRISHA PELTON** - daughter

    **JEFFREY MARTIS** - son

4.    Each of the aforementioned beneficiaries bring this cause for loss of the financial support, love, guidance, advice and other consortium caused by the death of **WILLIAM J. MARTIS**.

5.    The Defendants Mallinckrodt Chemical Company, Individually and as Successor and f/k/a JT Baker Chemical Company, a/k/a Mallinckrodt Baker Inc. (herein after "Mallinckrodt") and Univar USA Inc., Individually and as Successor to and f/k/a Van Waters & Rogers (herein after "Univar") are engaged in the business of designing, processing, manufacturing, selling and distributing benzene and products containing benzene.

6.    The Defendants were and may still be doing business in the state of Illinois and have established the necessary minimum contacts with the state of Illinois.

7.    That **WILLIAM J. MARTIS** died as the result of myelofibrosis on May 12, 2007.

8.    i.ᵉ dent, **WILLIAM J. MARTIS**, was employed by Defendants BP America and/or BP Amoco Chemical a/k/a Amoco Corporation in Joliet, Illinois during the time period of 1968 through 1999. During this time, the Decedent was exposed to benzene and products containing benzene at his workplace in his duties as a lab technician and later supervisor. At all times herein, the benzene and products containing benzene were produced and/or supplied by the Defendants Mallinckrodt Chemical and Univar USA Inc. and/or their successors/predecessors.

9.  That at all times herein set forth, the Defendants' products were being employed in the manner and for the purposes for which they were intended.

10. The Decedent's exposure to, inhalation, ingestion and/or absorption of the benzene and products containing benzene was completely foreseeable and could or should have been anticipated by the Defendants.

11. The Defendants knew or should have known that the benzene and products containing benzene had a toxic, poisonous and highly deleterious affect upon the health of the persons inhaling, ingesting or otherwise absorbing them, such as the decedent, **WILLIAM J. MARTIS.**

12. At all times herein relevant, the Defendants had a duty to exercise reasonable care and caution for the safety, health and welfare of the decedent and others working with and around benzene and products containing benzene.

13. That Defendants failed to exercise ordinary care and caution for the safety, health and welfare of the Decedent in one or more of the following respects:

a.  Included benzene in their products and processes, even though it was completely foreseeable and could or should have been anticipated that persons such as the Decedent, **WILLIAM J. MARTIS**, working with or around them would inhale, ingest or otherwise absorb the carcinogen;

b.  Included benzene in their products and processes while the Defendants knew or should have known that said carcinogenic chemicals would have a toxic, poisonous and highly deleterious affect upon the health of persons handling, ingesting or otherwise absorbing them;

c.  Included benzene in their products and processes when adequate substitutes for these carcinogenic chemicals were available;

d.  Failed to allocate any or adequate funds to test, monitor and research the human health affects of products containing benzene or processes on workers or in users such as the Decedent, **WILLIAM J. MARTIS**, when the Defendants knew or should have known that said carcinogenic chemicals would have a toxic, poisonous and highly deleterious affect upon the health of persons inhaling, ingesting or otherwise absorbing them;

3

e.     Failed to test, monitor, research and maintain data and records concerning workers and in users such as the Decedent, **WILLIAM J. MARTIS**, regarding the human health affects of benzene and products or processes containing benzene to determine and better understand the hazards to which such workers and end-users would be exposed while working with or around said products and processes;

f.     Failed to provide any or adequate warnings to Decedent, **WILLIAM J. MARTIS**, and other persons working with or around the above products and processes concerning the dangers of inhaling, ingesting or otherwise absorbing the benzene contained in them;

g.     Failed to timely provide any or adequate instructions to Decedent, **WILLIAM J. MARTIS**, to protect himself from harm when working with or around the above products and processes, including specific instructions regarding how to avoid inhaling, ingesting or otherwise absorbing the benzene in such products, if such instructions, in truth, exist;

h.     Failed to recommend to Decedent, **WILLIAM J. MARTIS**, the use of adequate personal protective equipment inhaling or working with or around benzene and products or processes containing benzene;

i.     Failed to recommend adequate engineering controls to reduce or eliminate exposure of the Decedent, **WILLIAM J. MARTIS**, and other persons working with or around benzene and products and processes containing benzene;

j.     Failed to recall or cease using benzene and products and processes containing benzene which it had designed, manufactured, sold, distributed or were currently using;

k.     Breached the warranty of merchantability to the Decedent, **WILLIAM J. MARTIS**, as well as others, when the Defendants warranted either expressly or impliedly to be merchantable, when in truth, they were not;

l.     Provided the Decedent, **WILLIAM J. MARTIS**, with products containing benzene which **WILLIAM J. MARTIS** was required to work with and was exposed to while performing his duties;

m.     Failed to warn the Decedent, **WILLIAM J. MARTIS**, of the known originally foreseeable dangers of contracting cancer from use of the Defendants' defective and unreasonably dangerous products;

n.     Failed to place a safer product into the stream of commerce which would have prevented **WILLIAM J. MARTIS'** disease without impairing the products utility, although a safer product was economically and technologically feasible at the time the product left the control of Defendants;

4

o.  Knew or without exercise of reasonable care should have known that Defendants' products contained a hazardous carcinogen a chemical benzene as a product component and/or contaminant which was in a defective, unreasonably dangerous condition and that use of their products would cause cancer; AND

p.  Such other acts and/or omissions as may be shown proper at the time of trial.

12.  That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants mentioned above, Decedent, WILLIAM J. MARTIS, was exposed to and inhaled, ingested or otherwise absorbed great amounts of benzene and products containing benzene causing him to develop the chemically induced disease, myelofibrosis, which disabled and disfigured the Decedent and which ultimately caused his untimely death; that prior to his death, Decedent also expended and became liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his chemically-induced disease and conditions; prior to his death, the Decedent experienced great physical pain and mental anguish.

WHEREFORE, RACHAEL ROLOFF, Individually and as Special Administrator of the Estate of WILLIAM J. MARTIS, Deceased, prays judgment be entered against the Defendants jointly and severally for actual compensatory damages as are fair and reasonable, in excess of $50,000.00, including the cost of this action and any other such relief as the Court deems just and equitable.

## COUNT II (NEGLIGENCE/WRONGFUL DEATH)

COMES NOW, RACHAEL ROLOFF, Individually and as Special Administrator of the Estate of WILLIAM J. MARTIS, Deceased, by and through her attorneys, ROBERT WADINGTON & ASSOCIATES and THE LAW OFFICES OF HERSCHEL L. HOBSON, and for her cause of action against the Defendants, states:

5

13.   Plaintiff brings this action pursuant to 740 ILCS 180/0.01 et seq.

14.   Plaintiff herein incorporates by reference paragraphs 1 through 12 of this complaint.

15.   That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants mentioned above, Decedent, WILLIAM J. MARTIS, was exposed to and inhaled, ingested or otherwise absorbed great amounts of benzene causing him to develop the chemically induced disease aforesaid, which disabled and disfigured the Decedent and which ultimately caused his untimely death; that prior to his death, Decedent also expended and became liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his chemically-induced disease and conditions; as a result the children of decedent have suffered great losses of a personal and pecuniary nature, including the loss of companionship and society of the decedent, subjecting the Defendants to liability pursuant to 740 ILCS 180/0.01, commonly referred to as the Wrongful Death Act.

14.   This action is brought by RACHAEL ROLOFF as Special Administrator of the Estate of WILLIAM J. MARTIS, Deceased, on behalf of each of the beneficiaries of WILLIAM J. MARTIS, pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/2.1 et seq. The beneficiaries are:

      RACHAEL ROLOFF - daughter

      TRISHA PELTON - daughter

      JEFFREY MARTIS - son

15.   Each of the aforementioned beneficiaries bring this cause for loss of the financial support, love, guidance, advice and other consortium caused by the death of WILLIAM J. MARTIS.

6

WHEREFORE, Plaintiff, Rachael Roloff, Individually and as Special Administrator for the Estate of WILLIAM J. MARTIS, Deceased, prays judgment be entered against the Defendants jointly and severally for actual compensatory damages as are fair and reasonable, in excess of $50,000.00, including the cost of this action and any other such relief as the Court deems just and equitable.

## COUNT III (NEGLIGENCE/FAMILY EXPENSE ACT)

COMES NOW, RACHAEL ROLOFF, Individually and as Special Administrator of the Estate of WILLIAM J. MARTIS, Deceased, by and through her attorneys, ROBERT WADINGTON & ASSOCIATES and THE LAW OFFICES OF HERSCHEL L. HOBSON, and for her cause of action against the Defendants, states:

16. Plaintiff brings this action pursuant to 750 ILCS 65/15.

17. Plaintiff herein incorporates by reference paragraphs 1 through 15 of this Complaint.

18. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants mentioned above, Decedent, WILLIAM J. MARTIS, was exposed to and inhaled, ingested or otherwise absorbed great amounts of benzene causing him to develop the chemically induced disease aforesaid, which disabled and disfigured the Decedent and which ultimately caused his death; that prior to his death, Decedent also expended and became liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his chemically-induced disease and conditions; as a result Plaintiff has incurred and paid certain expenses, including medical, health care and funeral expenses.

WHEREFORE, Plaintiff, RACHAEL ROLOFF, Individually and as Special Administrator for the Estate of WILLIAM J. MARTIS, Deceased, prays judgment be entered

7

against the Defendants jointly and severally for actual compensatory damages as are fair and reasonable, in excess of $50,000.00, including the cost of this action and any other such relief as the Court deems just and equitable.

## COUNT IV (STRICT LIABILITY/SURVIVAL ACT)

COMES NOW, RACHAEL ROLOFF, Individually and as Special Administrator of the Estate of WILLIAM J. MARTIS, Deceased, by and through her attorneys, ROBERT WADINGTON & ASSOCIATES and THE LAW OFFICES OF HERSCHEL L. HOBSON, and for her cause of action against the Defendants, states:

19.    Plaintiff repeats and alleges Paragraphs 1 through 18 of this complaint.

20.    At the time Defendants manufactured, sold, and/or distributed benzene and products containing benzene to which Decedent, WILLIAM J. MARTIS, was exposed, and said chemicals and products were in a defective condition and were unreasonably dangerous in that:

a.    Said products contained benzene as a constituent substance;

b.    Said benzene was highly toxic, deleterious, poisonous and harmful to the health of Decedent and others similarly situated;

c.    Said products were not accompanied by any or adequate warnings advising of the danger of exposure to benzene or of precautions to the development and the use of products containing benzene.

21.    Said substances and products reached Decedent's work site in substantially the same condition as when manufactured, distributed and sold.

22.    At all times relevant hereto, said products were used in the manner and environment intended, and in a manner reasonably foreseeable and anticipated by Defendants.

23.    The aforesaid benzene and products containing benzene were in a defective

8

condition and constituted abnormally hazardous and ultra hazardous substances.

24.     As a direct and proximate result of said defective, unreasonably dangerous and ultra hazardous conditions of said products and processes, Decedent was exposed to and inhaled, ingested or otherwise absorbed great amounts of benzene and products containing benzene causing Decedent to develop the benzene-related disease, myelofibrosis, which disabled and disfigured Decedent and from which he ultimately died; Decedent also expended large sums of monies for hospital, medical and healthcare services necessary for the treatment of his chemically-induced diseases and conditions; prior to his death, the Decedent experienced great physical pain and mental anguish.

WHEREFORE, Plaintiff, RACHAEL ROLOFF, Individually and as Special Administrator for the Estate of WILLIAM J. MARTIS, Deceased, prays judgment be entered against the Defendants jointly and severally for actual compensatory damages as are fair and reasonable, in excess of $50,000.00, including the cost of this action and any other such relief as the Court deems just and equitable.

## COUNT V (STRICT LIABILITY/WRONGFUL DEATH)

COMES NOW, RACHAEL ROLOFF, Individually and as Special Administrator of the Estate of WILLIAM J. MARTIS, Deceased, by and through her attorneys, ROBERT WADINGTON & ASSOCIATES and THE LAW OFFICES OF HERSCHEL L. HOBSON, and for Count V of her Complaint against the Defendants, states:

25.     Plaintiff incorporates by reference paragraphs 1 through 24 of this complaint.

26.     As a direct and proximate result of said defective, unreasonably dangerous and ultra hazardous conditions of said products and processes, Decedent was exposed to and inhaled, ingested or otherwise absorbed great amounts of benzene and products or processes containing benzene causing Decedent to develop the

9

benzene-related disease, myelofibrosis, which disabled and disfigured Decedent and from which he ultimately died; Decedent also expended large sums of monies for hospital, medical and healthcare services necessary for the treatment of his chemically-induced diseases and conditions; as a result, the children of Decedent have suffered great losses of a personal and pecuniary nature, including the loss of companionship and society of the Decedent, subjecting the Defendants to liability pursuant to 740 ILCS 180/0.01, commonly referred to the Wrongful Death Act.

WHEREFORE, Plaintiff, RACHAEL ROLOFF, Individually and as Special Administrator for the Estate of WILLIAM J. MARTIS, Deceased, prays judgment be entered against the Defendants jointly and severally for actual compensatory damages as are fair and reasonable, in excess of $50,000.00, including the cost of this action and any other such relief as the Court deems just and equitable.

## COUNT VI (STRICT LIABILITY/FAMILY EXPENSE ACT)

COMES NOW, RACHAEL ROLOFF, Individually and as Special Administrator of the Estate of WILLIAM J. MARTIS, Deceased, by and through her attorneys, ROBERT WADINGTON & ASSOCIATES, P.C. and THE LAW OFFICES OF HERSCHEL L. HOBSON, and for Count VI of her Complaint against the Defendants, states:

27. Plaintiff brings this action pursuant to 750 ILCS 65/15.

28. Plaintiff herein incorporates by reference paragraphs 1 through 26 of this complaint.

29. As a direct and proximate result of said defective, unreasonably dangerous and ultra hazardous conditions of said products and processes, Decedent was exposed to and inhaled, ingested or otherwise absorbed great amounts of benzene and products or processes containing benzene causing Decedent to develop the

10

benzene-related disease, myelofibrosis, which disabled and disfigured Decedent and from which he ultimately died; Decedent also expended large sums of monies for hospital, medical and healthcare services necessary for the treatment of his chemically-induced diseases and conditions; Plaintiff also incurred and paid certain expenses, including medical, health care and funeral expenses.

WHEREFORE, Plaintiff, **RACHAEL ROLOFF,** Individually and as Special Administrator for the Estate of **WILLIAM J. MARTIS,** Deceased, prays judgment be entered against the Defendants jointly and severally for actual compensatory damages as are fair and reasonable, in excess of $50,000.00, including the cost of this action and any other such relief as the Court deems just and equitable.

## COUNT VII
## (FRAUDULENT MISREPRESENTATION AGAINST THE DEFENDANTS, BP AMERICA INC. AND BP AMOCO CHEMICAL COMPANY)

COMES NOW the Plaintiff, **RACHAEL ROLOFF,** Individually and as Special Administrator for the Estate of **WILLIAM J. MARTIS,** Deceased, by and through her attorneys, ROBERT WADINGTON & ASSOCIATES and THE LAW OFFICES OF HERSCHEL L. HOBSON, and for her cause of action against the Defendants, BP AMERICA INC. AND BP AMOCO CHEMICAL COMPANY, states as follows:

30. Plaintiff repeats and re-alleges Paragraph 1 through 29 of this complaint.

31. During the course of Decedent, **WILLIAM J. MARTIS'** employment at the Defendants' facility in Joliette, Illinois, the Decedent, **WILLIAM J. MARTIS,** was exposed to and inhaled, ingested or otherwise absorbed large amounts of benzene emanating from certain products he was working with and around, which products were supplied by BP AMERICA INC. AND BP AMOCO CHEMICAL COMPANY.

32. Decedent, **WILLIAM J. MARTIS,** was unaware of the dangers of the benzene and products containing benzene which rendered them unsafe for their intended use. At the

11

time Decedent, **WILLIAM J. MARTIS**, used or worked around these products, such use was in a manner that was reasonably anticipated.

33. That on or about May 12, 2007, Decedent, **WILLIAM J. MARTIS**, died as a result of contracting the disease myelofibrosis, a benzene disease, and that said disease was wrongfully caused.

34. BP AMERICA INC. AND BP AMOCO CHEMICAL COMPANY, through its officers and employees, knew or should have known at least by the time the Decedent began his employment that benzene and products containing benzene which were supplied and which were used extensively throughout the facility, were a health hazard to people who worked with and around them, and in the alternative, had no positive proof that prolonged exposure to benzene was safe. Notwithstanding this knowledge, BP AMERICA INC. AND BP AMOCO CHEMICAL COMPANY engaged in the following acts and/or omissions:

(a) Defendants deliberately, intentionally, wantonly and as part of the processes furnished benzene and products containing benzene to Decedent, **WILLIAM J. MARTIS**, for use in his duties at the facility;

(b) Defendants deliberately, intentionally, wantonly and as part of the processes failed to warn Decedent, **WILLIAM J. MARTIS**, about the known dangers of benzene and products containing benzene;

(c) Defendants deliberately, intentionally, wantonly and as part of the processes failed to inform Decedent, **WILLIAM J. MARTIS**, of its known potentially hazardous work place as a result of exposure to benzene and products containing benzene;

(d) Defendants deliberately, intentionally, wantonly and as part of the processes failed to replace the carcinogenic chemicals, benzene and products containing benzene which it knew or should have known were available;

(e) Defendants deliberately, intentionally, wantonly and as part of the processes failed to provide a safe work environment although it knew or should have known that such adequate

12

substitutes for these carcinogenic chemicals were available;

(f) Defendants deliberately, intentionally, and wantonly made the Decedent work in dangerous areas of the facility knowing that it posed a significant health hazard to workers like the Decedent, **WILLIAM J. MARTIS**, because of the presence, use and exposures of benzene and products containing benzene;

(g) Defendants deliberately, intentionally, wantonly and as part of the processes failed to restrict the Decedent from working in dangerous areas of the facility which had been identified as posing a significant health hazard because of the exposures to benzene and products containing benzene;

(h) Defendants deliberately, intentionally, wantonly and as part of the processes failed to provide adequate instructions concerning the safe methods of working with and around benzene and products containing benzene for which Defendant specified to use and how to avoid exposure to benzene and products containing benzene;

(i) Defendants deliberately, intentionally, wantonly and as part of the processes failed to provide masks, respirators or other protective apparel to the Decedent, thereby permitting Decedent to work around benzene and products containing benzene without protection;

(j) Defendants deliberately, intentionally, wantonly and as part of the processes failed to:

    1) provide medical examinations;
    2) failed to determine past exposures to benzene and products containing benzene to its employees and workers; and
    3) failed to identify those trades that came into contact with benzene and products containing benzene.

(k) Defendants deliberately, intentionally, wantonly and as part of the processes failed to provide adequate assistance and adequate equipment to **WILLIAM J. MARTIS** and those similarly situated;

(l) Defendants deliberately, intentionally, wantonly and as part of the processes failed to provide adequate warning and/or instruction with regard to benzene and products containing benzene;

(m) Defendants deliberately, intentionally, wantonly and as part of the processes failed to recommend and/or provide adequate

13

information to and training of **WILLIAM J. MARTIS** and those similarly situated;

(n) Defendants deliberately, intentionally, wantonly and as part of the processes failed to provide adequate supervision of **WILLIAM J. MARTIS** and those similarly situated;

(o) Defendants deliberately, intentionally, wantonly and as part of the processes failed to keep data, information, and/or records pertaining to the health effects of exposure to benzene and products containing benzene;

(p) Defendants deliberately, intentionally, wantonly and as part of the processes failed to provide adequate ventilation and other engineering controls to reduce or eliminate exposure of persons working with or around their benzene and products containing benzene;

(q) Defendants deliberately, intentionally, wantonly and as part of the processes failed to instruct **WILLIAM J. MARTIS** in the proper handling of said Defendants' products to protect himself from harm;

(r) Defendants deliberately, intentionally, wantonly and as part of the processes included benzene in their products and processes, even though it was completely foreseeable and could or should have been anticipated that persons such as the Decedent working with or around them would inhale, ingest, or otherwise absorb the carcinogens.

(s) Defendants deliberately, intentionally, wantonly and as part of the processes included benzene in their products and processes while the defendants knew or should have known that said carcinogenic chemicals would have a toxic, poisonous and highly deleterious affect upon the health of persons handling, ingesting, or otherwise absorbing them; and

(t) Defendants deliberately, intentionally, wantonly and as part of the processes failed to recall or cease using benzene and products containing benzene which defendants had designed, manufactured, sold, distributed, or were currently using.

(u) Such other acts and/or omissions as may be shown at the time of trial.

35. In failing to act on each of these items as listed in Paragraph 34, both individually and collectively, Defendants deliberately, intentionally, and wantonly engaged in conduct

14

designed to actively conceal and suppress material facts knowing Decedent would rely on these facts to his detriment and cause him bodily harm and death.

36. In failing to act on each of these items as listed in Paragraph 34, both individually and collectively, Defendants through their silence deliberately, intentionally, and wantonly engaged in false and deceptive conduct of a material nature, knowing or believing said conduct to be false and doing it for the purpose of inducing Decedent, **WILLIAM J. MARTIS,** to continue to work at Defendants' facility, causing him bodily harm and his untimely death. Decedent, **WILLIAM J. MARTIS,** reasonably believed and relied on Defendants' conduct to his detriment.

37. In failing to act on each of these items as listed in Paragraph 34, both individually and collectively, Defendants committed, commanded or expressly authorized the concealment of the known dangers of benzene and products containing benzene that the Decedent, **WILLIAM J. MARTIS,** would rely on its silence and thereby allow to be exposed to, use, ingest, inhale or otherwise absorb benzene and products containing benzene.

38. Defendants undertook a duty to provide a safe work place for Decedent, **WILLIAM J. MARTIS.** Defendants knew that Decedent relied on it to provide a safe work place. In permitting and knowing that Decedent would rely on Defendants to provide a safe work place, Defendants deliberately, intentionally, wantonly and in their processes engaged in a false representation of a material fact, knowing it to be false and doing it for the purpose of inducing Decedent, **WILLIAM J. MARTIS,** to continue to work at Defendants' facility. Decedent reasonably believed and relied on Defendants' false representation to his detriment. By this conduct, Defendants intended to cause bodily harm to Decedent, **WILLIAM J. MARTIS,** which resulted in **WILLIAM J. MARTIS's** untimely death.

15

39. As a proximate cause of each of the foregoing acts or omissions, active concealments and false representations, and intentional and wanton conduct, both individually and collectively, the Decedent, **WILLIAM J. MARTIS**, was exposed to and inhaled, ingested or otherwise absorbed great amounts of benzene and products containing benzene without his consent, causing Decedent, **WILLIAM J. MARTIS**, to develop myelofibrosis; the Decedent has in the past been compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his myelofibrosis and related conditions; the Decedent has in the past experienced great physical pain and mental anguish as a result of the exposure to and inhalation, ingestion and absorption of benzene and products containing benzene; and that as a further result of Decedent's illness and conditions, the Decedent has in the past been hindered and prevented from pursuing his normal course of employment and lifestyle, thereby losing large sums of money which otherwise would have been accrued by the Decedent.

WHEREFORE, Plaintiff prays judgment be entered against the Defendants, BP AMERICA INC. AND BP AMOCO CHEMICAL COMPANY, in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS for her economic damages which will fairly and reasonably compensate for the Decedent's injuries.

## COUNT VIII
### (BATTERY AGAINST THE DEFENDANTS, BP AMERICA INC. AND BP AMOCO CHEMICAL COMPANY)

COMES NOW the Plaintiff, **RACHAEL ROLOFF**, **Individually and as Special Administrator for the Estate of WILLIAM J. MARTIS, Deceased**, by and through her attorneys, ROBERT WADINGTON & ASSOCIATES and THE LAW OFFICES OF HERSCHEL L. HOBSON, and for her cause of action against the Defendants, BP AMERICA INC. AND BP AMOCO CHEMICAL COMPANY, states as follows:

16

40. Plaintiff repeats and re-alleges Paragraph 1-39 of this complaint.

41. In failing to act on each of these items as listed in Paragraph 34, both individually and collectively, Defendants, through its silence deliberately, intentionally, wantonly and in their processes concealed the known dangers of benzene and products containing benzene, intending that Decedent would come in contact with benzene and products containing benzene, without his consent.

42. In failing to act on each of these items as listed in Paragraph 34, both individually and collectively, Defendants, through its silence deliberately, intentionally, wantonly and in their design engaged in a course of conduct intending that Decedent would be exposed to and inhale, ingest or otherwise absorb benzene and products containing benzene and become injured.

43. In failing to act on each of these items as listed in Paragraph 34, both individually and collectively, Defendants committed, commanded or expressly authorized the concealment of the known dangers of benzene and products containing benzene that the Decedent would come in contact with benzene and products containing benzene and become exposed to, inhale, ingest, or otherwise absorb benzene and products containing benzene which would result in Decedent's injury.

WHEREFORE, Plaintiff prays judgment be entered against the Defendants for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS for her economic damages, which will fairly and reasonably compensate for the Plaintiff's injuries.

## COUNT IX
### (NEGLIGENCE AGAINST THE DEFENDANTS,
### BP AMERICA INC. AND BP AMOCO CHEMICAL COMPANY)

COMES NOW the Plaintiff, RACHAEL ROLOFF, Individually and as Special Administrator for the Estate of WILLIAM J. MARTIS, Deceased, by and through her attorneys, ROBERT WADINGTON & ASSOCIATES and THE LAW OFFICES OF HERSCHEL L. HOBSON,

17

and for her cause of action against the Defendants, BP AMERICA INC. AND BP AMOCO CHEMICAL COMPANY, states as follows:

44. Plaintiff repeats and re-alleges Paragraph 1 through 43 of this complaint.

45. Defendants, through its officers and employees, knew or should have known at least by the time the Decedent began his employment that benzene and products containing benzene which it supplied and which were used extensively throughout the facility, were a health hazard to people such as the Decedent, WILLIAM J. MARTIS, who worked with and around said products, and in the alternative, had no positive proof that prolonged exposure to benzene and products containing benzene were safe.

46. Defendants, as employer of the Decedent, owed to Decedent a duty to provide a safe place to work and a duty to give Decedent timely notice of latent or concealed dangers which were known or should have been known by the Defendants.

47. Defendants breached its duties to Decedent by engaging in the following omissions or commissions:

a) Defendants negligently furnished benzene and products containing benzene to Decedent, WILLIAM J. MARTIS, for use in his duties at Defendants' facility;

(b) Defendants negligently failed to warn Decedent, WILLIAM J. MARTIS, about the known dangers of benzene and products containing benzene at Defendants' facility;

(c) Defendants negligently failed to inform Decedent of its known potentially hazardous work place as a result of exposure to benzene and products containing benzene;

(d) Defendants negligently failed to replace the carcinogenic chemicals, benzene and products containing benzene with substitutes which it knew or should have known were available;

(e) Defendants negligently failed to provide a safe work environment although it knew or should have known that other substitutes were available;

(f) Defendants negligently made Decedent, WILLIAM J.

18

MARTIS, work in dangerous areas of the facility knowing that it posed a significant health hazard to the Decedent and/or others similarly situated as the Decedent;

(g)　　Defendants negligently failed to restrict Decedent, **WILLIAM J. MARTIS**, from working in dangerous areas of the facility which had been identified as posing a significant health hazard because of the carcinogenic chemicals;

(h)　　Defendants negligently failed to provide adequate supervision and instructions concerning the safe methods of working with and around the specified carcinogenic chemicals, benzene and products containing benzene it supplied;

(i) Defendants negligently failed to provide protective apparel to Decedent, **WILLIAM J. MARTIS**, thereby permitting Decedent to work around benzene and products containing benzene without protection, instruction or supervision; and

(j) Defendants negligently failed to:

　　1)　to provide medical examinations and medical monitoring;
　　2)　failed to determine past exposures to benzene or products containing benzene of its employees and workers through test and research to determine the health effects on humans; and
　　3)　failed to identify those trades that came in contact with benzene and products containing benzene.

48. Defendants undertook a duty to provide a safe work place for the Decedent, **WILLIAM J. MARTIS**. Defendants knew that Decedent relied on it to provide a safe work place. In permitting and knowing that Decedent would rely on Defendants to provide a safe work place, Defendants negligently engaged in a false representation of a material fact, knowing it to be false and doing it for the purpose of inducing Decedent to continue to work at Defendants' facility. Decedent reasonably believed and relied on Defendants' representation to his detriment.

49. The breach of Defendants of its duties to Decedent was a direct and proximate cause of the Decedent, **WILLIAM J. MARTIS'** development, contraction and untimely death

of myelofibrosis, which resulted in damages more particularly described below.

50. As a direct and proximate cause of each of the foregoing negligent acts or omissions, both individually and collectively, the Decedent, **WILLIAM J. MARTIS**, was exposed to and inhaled, ingested or otherwise absorbed great amounts of exposures to benzene or products containing benzene without his consent, causing him to develop myelofibrosis; the Decedent has in the past been compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his disease; the Decedent has in the past experienced great physical pain and mental anguish as a result of the exposures, inhalation, ingestion and absorption of benzene and products containing benzene; and that as a further result of Decedent's disease, the Decedent has in the past been hindered and prevented from pursuing his normal course of employment and lifestyle, thereby losing large sums of money which otherwise would have accrued to him.

WHEREFORE, Plaintiff prays judgment be entered against the Defendants for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS for her economic damages, which will fairly and reasonably compensate for the Decedent's injuries.

## COUNT X
### (WILFUL AND WANTON COUNT AGAINST THE DEFENDANTS, BP AMERICA INC. AND BP AMOCO CHEMICAL COMPANY)

COMES NOW the Plaintiff, RACHAEL ROLOFF, **Individually and as Special Administrator for the Estate of WILLIAM J. MARTIS, Deceased,** by and through her attorneys, ROBERT WADINGTON & ASSOCIATES and THE LAW OFFICES OF HERSCHEL L. HOBSON, and for her cause of action against the Defendants, BP AMERICA INC. AND BP AMOCO CHEMICAL COMPANY, states as follows:

51. Plaintiff repeats and re-alleges Paragraph 1 through 50 of this complaint.

20

52. Defendants, through its officers and employees, knew or should have known at least by the time the Decedent began his employment that benzene and products containing benzene which it supplied and/or used extensively throughout the facility, were a health hazard to people such as **WILLIAM J. MARTIS** who worked with and around the carcinogenic chemicals, benzene and products containing benzene, and in the alternative, had no positive proof that prolonged exposure to benzene and products containing benzene were safe.

53. Defendants are guilty of one or more of the following acts or omissions amounting to willful and wanton misconduct:

(a)  Defendants intentionally or with reckless disregard for the safety of Decedent, **WILLIAM J. MARTIS**, furnished benzene and products containing benzene to Decedent for use in his duties at the facility;

(b)  Defendants intentionally or with reckless disregard for the safety of Decedent, **WILLIAM J. MARTIS**, failed to warn Decedent about the known dangers of exposure to benzene and products containing benzene;

(c)  Defendants intentionally or with a reckless disregard for the safety of Decedent, **WILLIAM J. MARTIS**, failed to inform Decedent of its known potentially hazardous work place as a result of exposure to the carcinogenic chemicals, benzene and products containing benzene;

(d)  Defendants intentionally or with reckless disregard for the safety of Decedent, **WILLIAM J. MARTIS**, failed to replace the carcinogenic chemicals, benzene and products containing benzene with substitutes which it knew or should have known were available;

e)  Defendants intentionally or with reckless disregard for the safety of Decedent, **WILLIAM J. MARTIS**, failed to provide a safe work environment although it knew or should have known that other substitutes were available;

(f)  Defendants intentionally or with reckless disregard for the safety of Decedent, made Decedent work in dangerous areas of the facility knowing that it posed a significant health hazard to **WILLIAM J. MARTIS** and/or workers such as the Decedent

21



knowing or believing said conduct to be false and doing it for the purpose of inducing Decedent to continue to work at its facility, causing Decedent bodily harm and his untimely death.  Decedent reasonably believed and relied on Defendants' conduct to his detriment.

WHEREFORE, Plaintiff prays that he be awarded, in addition to his economic damages in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, punitive and exemplary damages.

Respectfully Submitted,

Herschel L. Hobson
LAW OFFICES OF HERSCHEL L. HOBSON
2190 Harrison
Beaumont, Texas  77701
Phone (409) 838-6410
Facsimile (409) 838-6084


Robert Wadington
ROBERT WADINGTON & ASSOCIATES
111 W. Washington Street, Ste. 1460
Chicago, IL 60602-2703
Phone (312) 629-2706
Facsimile (312) 629-8022

_____
Attorneys for Plaintiff

3006431 - ELS                                                    Firm ID 42907

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

RACHEL ROLOFF,                          )
Individually and as Special Administrator )
Of the Estate of WILLIAM J. MARTIS,     )
Deceased,                               )
                                        )
          Plaintiff,                    )
                                        )
     vs.                                )          Case No. 07 L 13912
                                        )
BP AMERICA, INC.,                       )
BP AMOCO CHEMICAL COMPANY,              )
MALLINCKRODT CHEMICAL, INC.,            )
     INDIVIDUALLY AND AS                )
     SUCCESSOR AND F/K/A                )
     JT BAKER CHEMICAL                  )
     CHEMICAL COMPANY                   )
     A/K/A MALLINCKRODT                 )
     BAKER INC.,                        )
UNIVAR USA, INC., INDIVIDUALLY          )
     AND AS SUCCESSOR TO AND            )
     F/K/A VAN WATERS & ROGERS          )
                                        )
          Defendants.                   )

## APPEARANCE

The undersigned, as attorneys, enter our Appearance on behalf of Defendants: UNIVAR,

Individually, and as Successor to and f/k/a VAN WATERS & ROGERS.

                              SMITHAMUNDSEN LLC

                              By: _____
                                   One of the attorneys for Defendant

Eric L. Samore
Molly A. Arranz
Darren P. Grady
SmithAmundsen LLC
150 N. Michigan Avenue
Suite 3300
Chicago, IL 60601
(312) 894-3200

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

3006431 - ELS                                                    Firm ID 42907

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| RACHEL ROLOFF,<br>Individually and as Special Administrator<br>Of the Estate of WILLIAM J. MARTIS,<br>Deceased,<br><br>        Plaintiff,<br><br>        vs.<br><br>BP AMERICA, INC.,<br>BP AMOCO CHEMICAL COMPANY,<br>MALLINCKRODT CHEMICAL, INC.,<br>    INDIVIDUALLY AND AS<br>    SUCCESSOR AND F/K/A<br>    JT BAKER CHEMICAL<br>    CHEMICAL COMPANY<br>    A/K/A MALLINCKRODT<br>    BAKER INC.,<br>UNIVAR USA, INC., INDIVIDUALLY<br>    AND AS SUCCESSOR TO AND<br>    F/K/A VAN WATERS & ROGERS<br><br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 07 L 13912 |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT AT LAW

NOW COMES Defendant UNIVAR USA, INC., Individually and as successor to and F/K/A VAN WATERS & ROGERS, by and through its attorneys, SMITHAMUNDSEN, LLC, and for its Answer and Affirmative Defenses to Plaintiff's Original Complaint at Law, states as follows:

### COUNT I (NEGLIGENCE / SURVIVAL ACT)

1. Defendant, Univar USA, Inc., Individually and as successor to and f/k/a Van Waters & Rogers, (hereinafter "Univar"), neither admits nor denies the allegations contained in Paragraph 1 of Plaintiff's Original Complaint, but demands strict proof thereof.

2.   Defendant Univar neither admits nor denies the allegations contained in Paragraph 2 of Plaintiff's Original Complaint, but demands strict proof thereof.

3.   Defendant Univar neither admits nor denies the allegations contained in Paragraph 3 of Plaintiff's Original Complaint, but demands strict proof thereof.

4.   Defendant Univar neither admits nor denies the allegations contained in Paragraph 4 of Plaintiff's Original Complaint, but demands strict proof thereof.

5.   Defendant Univar neither admits nor denies the allegations contained in Paragraph 5 of Plaintiff's Original Complaint, relating to Co-Defendants Mallinckrodt Chemical Company and related entities, but demands strict proof thereof.  Defendant Univar denies the allegations contained in Paragraph 5 of Plaintiff's Original Complaint relating to Univar.

6.   Defendant Univar denies the allegations contained in Paragraph 6 of Plaintiff's Original Complaint.

7.   Defendant Univar neither admits nor denies the allegations contained in Paragraph 7 of Plaintiff's Original Complaint, but demands strict proof thereof.

8.   Defendant Univar neither admits nor denies the allegations contained in Paragraph 8 of Plaintiff's Original Complaint relating to the time during which the deceased was employed by BP, but demands strict proof thereof. Defendant Univar denies the remaining allegations contained in Paragraph 8 of Plaintiff's Original Complaint.

9.   Defendant Univar denies the allegations contained in Paragraph 9 of Plaintiff's Original Complaint.

10. Defendant Univar denies the allegations contained in Paragraph 10 of Plaintiff's Original Complaint.

11. Defendant Univar denies the allegations contained in Paragraph 11 of Plaintiff's Original Complaint.

12. Defendant Univar admits that it held certain duties with respect to the deceased, but denies that the duties are properly stated in Paragraph 12 of Plaintiff's Original Complaint at Law.

13. Defendant Univar denies the allegations contained in Paragraph 13 of Plaintiff's Original Complaint, including subparagraphs (a) through (p), inclusive.

14. Defendant Univar denies the allegations contained in Paragraph 14 of Plaintiff's Original Complaint.

WHEREFORE, Defendant Univar USA, Inc., Individually and as successor to and f/k/a Van Waters & Rogers, prays that this Honorable Court enter an Order in its favor and against the Plaintiff, denying and dismissing Count I of Plaintiff's Original Complaint.

## COUNT II (NEGLIGENCE / WRONGFUL DEATH)

13. Defendant Univar neither admits nor denies the allegations contained in Paragraph 13 of Count II of Plaintiff's Original Complaint, but demands strict proof thereof.

14. Defendant Univar herein incorporates by reference its answers to Paragraphs 1 through 12 of Count I of Plaintiff's Original Complaint.

15. Defendant Univar denies the allegations contained in Paragraph 15 of Count II of Plaintiff's Original Complaint.

14. Defendant Univar neither admits nor denies the allegations contained in the second Paragraph 14 of Count II of Plaintiff's Original Complaint, but demands strict proof thereof.

15. Defendant Univar neither admits nor denies the allegations contained in the second Paragraph 15 of Count II of Plaintiff's Original Complaint, but demands strict proof thereof.

WHEREFORE, Defendant Univar USA, Inc., Individually and as successor to and f/k/a Van Waters & Rogers, prays that this Honorable Court enter an Order in its favor and against the Plaintiff, denying and dismissing Count II of Plaintiff's Original Complaint.

3

## COUNT III (NEGLIGENCE / FAMILY EXPENSE ACT)

16. Defendant Univar neither admits nor denies the allegations contained in Paragraph 16 of Plaintiff's Original Complaint, but demands strict proof thereof.

17. Defendant Univar herein incorporates by reference its answers to Paragraphs 1 through 15 of Plaintiff's Original Complaint.

18. Defendant Univar denies the allegations contained in Paragraph 18 of Plaintiff's Original Complaint.

WHEREFORE, Defendant Univar USA, Inc., Individually and as successor to and f/k/a Van Waters & Rogers, prays that this Honorable Court enter an Order in its favor and against the Plaintiff, denying and dismissing Count III of Plaintiff's Original Complaint.

## COUNT IV (STRICT LIABILITY / SURVIVAL ACT)

19. Defendant Univar herein incorporates by reference its answers to Paragraphs 1 through 18 of Plaintiff's Original Complaint.

20. Defendant Univar denies the allegations contained in Paragraph 20 of Plaintiff's Original Complaint.

21. Defendant Univar denies the allegations contained in Paragraph 21 of Plaintiff's Original Complaint.

22. Defendant Univar denies the allegations contained in Paragraph 22 of Plaintiff's Original Complaint.

23. Defendant Univar denies the allegations contained in Paragraph 23 of Plaintiff's Original Complaint.

24. Defendant Univar denies the allegations contained in Paragraph 24 of Plaintiff's Original Complaint.

WHEREFORE, Defendant Univar USA, Inc., Individually and as successor to and f/k/a Van Waters & Rogers, prays that this Honorable Court enter an Order in its favor and against the Plaintiff, denying and dismissing Count IV of Plaintiff's Original Complaint.

## COUNT V (STRICT LIABILITY / WRONGFUL DEATH)

25. Defendant Univar herein incorporates by reference its answers to Paragraphs 1 through 24 of Plaintiff's Original Complaint.

26. Defendant Univar denies the allegations contained in Paragraph 26 of Plaintiff's Original Complaint.

WHEREFORE, Defendant Univar USA, Inc., Individually and as successor to and f/k/a Van Waters & Rogers, prays that this Honorable Court enter an Order in its favor and against the Plaintiff, denying and dismissing Count V of Plaintiff's Original Complaint.

## COUNT VI (STRICT LIABILITY / FAMILY EXPENSE ACT)

27. Defendant Univar neither admits nor denies the allegations contained in Paragraph 27 of Plaintiff's Original Complaint, but demands strict proof thereof.

28. Defendant Univar herein incorporates by reference its answers to Paragraphs 1 through 26 of Plaintiff's Original Complaint.

29. Defendant Univar denies the allegations contained in Paragraph 29 of Plaintiff's Original Complaint.

WHEREFORE, Defendant Univar USA, Inc., Individually and as successor to and f/k/a Van Waters & Rogers, prays that this Honorable Court enter an Order in its favor and against the Plaintiff, denying and dismissing Count VI of Plaintiff's Original Complaint.

## COUNT VII (FRAUDULENT REPRESENTATION VS. BP ENTITIES)

Defendant, Univar USA, Inc., Individually and as successor to and f/k/a Van Waters & Rogers forwards no response to the allegations contained in Count VII as same are

directed solely to the Co-Defendant BP Entities. To the extent, any of said allegations may be construed against Defendant, Univar USA, Inc., Individually and as successor to and f/k/a Van Waters & Rogers, they are hereby denied.

## COUNT VIII (BATTERY VS. BP ENTITIES)

Defendant, Univar USA, Inc., Individually and as successor to and f/k/a Van Waters & Rogers forwards no response to the allegations contained in Count VIII as same are directed solely to the Co-Defendant BP Entities. To the extent, any of said allegations may be construed against Defendant, Univar USA, Inc., Individually and as successor to and f/k/a Van Waters & Rogers, they are hereby denied.

## COUNT IX (NEGLIGENCE VS. BP ENTITIES)

Defendant, Univar USA, Inc., Individually and as successor to and f/k/a Van Waters & Rogers forwards no response to the allegations contained in Count IX as same are directed solely to the Co-Defendant BP Entities. To the extent, any of said allegations may be construed against Defendant, Univar USA, Inc., Individually and as successor to and f/k/a Van Waters & Rogers, they are hereby denied.

## COUNT X (WILLFUL AND WANTON CONDUCT VS. BP ENTITIES)

Defendant, Univar USA, Inc., Individually and as successor to and f/k/a Van Waters & Rogers forwards no response to the allegations contained in Count X as same are directed solely to the Co-Defendant BP Entities. To the extent, any of said allegations may be construed against Defendant, Univar USA, Inc., Individually and as successor to and f/k/a Van Waters & Rogers, they are hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.  The Plaintiff has brought several causes of action against Univar sounding in both negligence and strict liability, claiming damages relating to the death of William Martis.

2.  Univar has denied all material allegations in the causes of action brought against it by the plaintiff.

3.  The plaintiff was required to bring her claims within two years of the accrual of those actions.  See 735 ILCS 5/14-202.

4.  Upon information and belief, Univar states that the plaintiff's causes of action accrued more than two years before the original cause of action brought against Univar in 2003, as part of Case No. 03 L 3196.

5.  Therefore, the plaintiff's claims against Univar are barred by the applicable statues of limitations.

WHEREFORE, Univar prays that this Court finds in favor of it, and against the plaintiff, and award it costs and other such relief this court finds just.

## SECOND AFFIRMATIVE DEFENSE

1.  The plaintiff has brought several claims against Univar sounding in strict liability.

2.  Univar has denied the material allegations made in the strict liability claims.

3.  The plaintiff failed to bring these claims within the period of time designated by the applicable statute of repose, and therefore the strict liability claims against Univar are barred. See 736 ILCS 5/13-213 (2004).

WHEREFORE, Univar prays that this Court finds in favor of it, and against the plaintiff, and award it costs and other such relief this court finds just.

## THIRD AFFIRMATIVE DEFENSE

1.  The plaintiff has brought several claims against Univar sounding in strict liability and negligence.

2.  Univar has denied the material allegations made in these caused of action.

3.  Notwithstanding and without prejudicing that denial, Univar states upon information and belief that that the deceased engaged in certain negligent acts or omissions, that that such acts or omissions contributed in whole or in part to his claimed injuries to such a degree that the plaintiff's recovery must be reduced, or the plaintiff must be barred from recovery of any damages sought.

WHEREFORE, Univar prays that this Court finds in favor of it, and against the plaintiff, and award it costs and other such relief this court finds just.

## FOURTH AFFIRMATIVE DEFENSE

1.  The plaintiff has brought several claims against Univar sounding in strict liability.

2.  Univar has denied the material allegations made in the strict liability claims.

3.  Notwithstanding and without prejudicing that denial, Univar states upon information and belief that that the deceased appreciated any dangers inherent in his own conduct, and he assumed the risk of that conduct, thereby barring any recovery against Univar.

WHEREFORE, Univar prays that this Court finds in favor of it, and against the plaintiff, and award it costs and other such relief this court finds just.

## FIFTH AFFIRMATIVE DEFENSE

1.  The plaintiff has brought several claims against Univar sounding in strict liability and negligence.

2.  Univar has denied the material allegations made in these caused of action.

3.  Notwithstanding and without prejudicing that denial, Univar states upon information and belief that that the deceased's employer was a sophisticated user of the products that the plaintiff was allegedly exposed to and injured by, and that the plaintiff's employer directed or supervised his use of those products, thus barring the plaintiff's claims against Univar.

WHEREFORE, Univar prays that this Court finds in favor of it, and against the plaintiff, and award it costs and other such relief this court finds just.

## SIXTH AFFIRMATIVE DEFENSE

The decedent's own conduct, fault, omissions and negligence was more than 50% of the proximate cause of the losses, injuries or damages of which the Plaintiff complains and Plaintiff is therefore barred from recovering any damages whatsoever from Univar pursuant to 735 ILCS 5/2-1116.

## SEVENTH AFFIRMATIVE DEFENSE

The decedent's own conduct, fault, omissions and negligence was 50% or less of the proximate cause of the losses, injuries or damages of which Plaintiff complains and Plaintiff's recovery therefore shall be diminished in the proportion to the amount of fault attributable to the Plaintiff pursuant to 735 ILCS 5/2-1116.

## EIGHTH AFFIRMATIVE DEFENSE

Any fault attributed to Univar for Plaintiff's alleged losses, injuries or damages is less that 25% of the fault attributable to the decedent, other Defendants and any third party ho could have been sued by Plaintiff and therefore Univar can only be held severally liable for Plaintiff's alleged losses, injuries or damages pursuant to 735 ILCS 5/2-1117.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, including each and every Count thereof, fails to state a claim upon which relief can be granted against Univar.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the methods, standards, and techniques utilized in selling the product(s) at issue, and in issuing warnings and instructions with respect to the

use of such product(s), were in conformity with the generally recognized, reasonably available, and reliable state of knowledge at the time such product(s) was sold.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the methods, standards, and techniques utilized in selling the product(s) at issue, and in issuing warnings and instructions with respect to the use of such products(s), were in conformity with industry custom / usage / standards and / or legislative / administrative / regulatory standards.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Univar are expressly and/or impliedly preempted by federal law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the learned intermediary, informed intermediary, bulk supplier, and/or sophisticated user doctrines.

## FOURTEENTH AFFIRMATIVE DEFENSE

If Plaintiff has been damaged, which Univar denies, any recovery by Plaintiff is barred by the doctrine of assumption of risk.

## FIFTEENTH AFFIRMATIVE DEFENSE

The decedent has failed to mitigate his alleged damages and, therefore, any recovery should not include alleged damages that the decedent could have avoided by reasonable care and diligence.

## SIXTEENTH AFFIRMATIVE DEFENSE

Univar is entitled to a set-off, should any damages be awarded against them, for the entire amount of damages or settlement amounts recovered from other sources.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Pursuant to 735 ILCS 5/2-1205.1, Univar is entitled to a set-off for amounts that have or will be replaced or indemnified in whole or in part from a collateral source.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Univar specifically pleads all affirmative defenses under the Uniform Commercial Code now existing or which may arise in the future, including, but not limited to, those defenses provided by UCC Sections 2-607 and 2-709.

Respectfully submitted,

SMITHAMUNDSEN, LLC

By: _____
Attorneys for Defendant, Univar USA, Inc., Individually and as successor to and f/k/a Van Waters & Rogers

Eric L. Samore
Darren P. Grady
SmithAmundsen, LLC
150 North Michigan Avenue
Suite 3300
Chicago, Illinois 60601
(312) 894-3200

11

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

|  |  |  |
|---|---|---|
| RACHAEL ROLOFF, | ) | |
| Individually and as Special Administrator | ) | |
| of the Estate of WILLIAM MARTIS, | ) | |
| Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 07 L 13912 |
| BP AMERICA INC., BP AMOCO | ) | |
| CHEMICAL COMPANY, MALLINCKRODT | ) | |
| CHEMICAL, INC., Individually and as | ) | |
| successor and f/k/a JT BAKER CHEMICAL | ) | |
| COMPANY a/k/a MALLINCKRODT | ) | |
| BAKER INC., UNIVAR USA INC., | ) | |
| Individually and as successor to and f/k/a VAN | ) | |
| WATERS & ROGERS, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT MALLINCKRODT'S
## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Mallinckrodt Chemical, Inc., Individually and as Successor and f/k/a JT Baker

Chemical Company a/k/a Mallinckrodt Baker Inc. (hereafter "Mallinckrodt"), for its Answer and

Affirmative Defenses to Plaintiff's Complaint, state as follows:

### COUNT I (NEGLIGENCE/SURVIVAL ACT)

1.　　Mallinckrodt has insufficient knowledge or information upon which to form a

belief as to the truth or veracity of the allegations contained in paragraph 1 of Count I of

Plaintiff's Complaint and therefore Mallinckrodt denies said allegations.

2.　　Mallinckrodt has insufficient knowledge or information upon which to form a

belief as to the truth or veracity of the allegations contained in paragraph 2 of Count I of

Plaintiff's Complaint and therefore Mallinckrodt denies said allegations.

3.     Mallinckrodt has insufficient knowledge or information upon which to form a belief as to the truth or veracity of the allegations contained in paragraph 3 of Count I of Plaintiff's Complaint and therefore Mallinckrodt denies said allegations.

4.     Mallinckrodt has insufficient knowledge or information upon which to form a belief as to the truth or veracity of the allegations contained in paragraph 4 of Count I of Plaintiff's Complaint and therefore Mallinckrodt denies said allegations.

5.     Mallinckrodt denies the allegations contained in Paragraph 5 of Count I of Plaintiff's Complaint.  Mallinckrodt has insufficient knowledge or information upon which to form a belief as to the truth or veracity of the allegations contained in paragraph 5 of Count I of Plaintiff's Complaint not directed at Mallinckrodt and therefore Mallinckrodt denies said allegations.

6.     Mallinckrodt makes no answer to the allegations contained in paragraph 6 of Count I of Plaintiff's Complaint as said allegations are conclusions of law to which no answer is required. To the extent that an answer is required, Mallinckrodt denies said allegations.

7.     Mallinckrodt has insufficient knowledge or information upon which to form a belief as to the truth or veracity of the allegations contained in paragraph 7 of Count I of Plaintiff's Complaint and therefore Mallinckrodt denies said allegations.

8.     Mallinckrodt has insufficient knowledge or information upon which to form a belief as to the truth or veracity of the allegations contained in paragraph 8 of Count I of Plaintiff's Complaint and therefore Mallinckrodt denies said allegations.

9.     Mallinckrodt has insufficient knowledge or information upon which to form a belief as to the truth or veracity of the allegations contained in paragraph 9 of Count I of Plaintiff's Complaint and therefore Mallinckrodt denies said allegations.

10.     Mallinckrodt denies the allegations contained in paragraph 10 of Count I of Plaintiff's Complaint.

11.     Mallinckrodt denies the allegations contained in paragraph 11 of Count I of Plaintiff's Complaint.

12.     Mallinckrodt makes no answer to the allegations contained in paragraph 12 of Count I of Plaintiff's Complaint as said allegations are conclusions of law to which no answer is required. To the extent that an answer is required, Mallinckrodt denies said allegations.

13.     Mallinckrodt denies the allegations contained in paragraph 13 of Count I of Plaintiff's Complaint, subparagraphs (a) through (p) inclusive. Mallinckrodt has insufficient knowledge or information upon which to form a belief as to the truth or veracity of the allegations contained in paragraph 13 of Count I of Plaintiff's Complaint not directed at Mallinckrodt and therefore Mallinckrodt denies said allegations.

[12].     Mallinckrodt denies the allegations contained in paragraph [12] of Count I of Plaintiff's Complaint. Mallinckrodt has insufficient knowledge or information upon which to form a belief as to the truth or veracity of the allegations contained in paragraph [12] of Count I of Plaintiff's Complaint not directed at Mallinckrodt and therefore Mallinckrodt denies said allegations.

WHEREFORE, Mallinckrodt denies that the Plaintiff is entitled to judgment against it in any amount whatsoever, including the costs of this litigation.

## COUNT II (NEGLIGENCE/WRONGFUL DEATH)

13.     Mallinckrodt has insufficient knowledge or information upon which to form a belief as to the truth or veracity of the allegations contained in paragraph 13 of Count II of Plaintiff's Complaint and therefore Mallinckrodt denies said allegations.

14. Mallinckrodt incorporates by reference its answers to all paragraphs of Count I of Plaintiff's Complaint.

15. Mallinckrodt denies the allegations contained in paragraph 15 of Count II of Plaintiff's Complaint. Mallinckrodt has insufficient knowledge or information upon which to form a belief as to the truth or veracity of the allegations contained in paragraph 15 of Count II of Plaintiff's Complaint not directed at Mallinckrodt and therefore Mallinckrodt denies said allegations.

[14]. Mallinckrodt has insufficient knowledge or information upon which to form a belief as to the truth or veracity of the allegations contained in paragraph [14] of Count II of Plaintiff's Complaint and therefore Mallinckrodt denies said allegations.

[15]. Mallinckrodt has insufficient knowledge or information upon which to form a belief as to the truth or veracity of the allegations contained in paragraph [15] of Count II of Plaintiff's Complaint and therefore Mallinckrodt denies said allegations.

WHEREFORE, Mallinckrodt denies that the Plaintiff is entitled to judgment against it in any amount whatsoever, including the costs of this litigation.

## COUNT III (NEGLIGENCE/FAMILY EXPENSE ACT)

16. Mallinckrodt has insufficient knowledge or information upon which to form a belief as to the truth or veracity of the allegations contained in paragraph 16 of Count III of Plaintiff's Complaint and therefore Mallinckrodt denies said allegations.

17. Mallinckrodt incorporates by reference its answers to all paragraphs of Counts I and II of Plaintiff's Complaint.

18. Mallinckrodt denies the allegations contained in paragraph 18 of Count III of Plaintiff's Complaint. Mallinckrodt has insufficient knowledge or information upon which to form a belief as to the truth or veracity of the allegations contained in paragraph 18 of Count III

-4-

of Plaintiff's Complaint not directed at Mallinckrodt and therefore Mallinckrodt denies said allegations.

WHEREFORE, Mallinckrodt denies that the Plaintiff is entitled to judgment against it in any amount whatsoever, including the costs of this litigation.

## COUNT IV (STRICT LIABILITY/SURVIVAL ACT)

19.    Mallinckrodt incorporates by reference its answers to all paragraphs of Counts I, II and III of Plaintiff's Complaint.

20.    Mallinckrodt denies the allegations contained in paragraph 20 of Count IV of Plaintiff's Complaint. Mallinckrodt has insufficient knowledge or information upon which to form a belief as to the truth or veracity of the allegations contained in paragraph 20 of Count IV of Plaintiff's Complaint not directed at Mallinckrodt and therefore Mallinckrodt denies said allegations.

21.    Mallinckrodt has insufficient knowledge or information upon which to form a belief as to the truth or veracity of the allegations contained in paragraph 21 of Count IV of Plaintiff's Complaint and therefore Mallinckrodt denies said allegations.

22.    Mallinckrodt has insufficient knowledge or information upon which to form a belief as to the truth or veracity of the allegations contained in paragraph 22 of Count IV of Plaintiff's Complaint and therefore Mallinckrodt denies said allegations.

23.    Mallinckrodt denies the allegations contained in paragraph 23 of Count IV of Plaintiff's Complaint.

24.    Mallinckrodt denies the allegations contained in paragraph 24 of Count IV of Plaintiff's Complaint. Mallinckrodt has insufficient knowledge or information upon which to form a belief as to the truth or veracity of the allegations contained in paragraph 24 of Count IV

of Plaintiff's Complaint not directed at Mallinckrodt and therefore Mallinckrodt denies said allegations.

WHEREFORE, Mallinckrodt denies that the Plaintiff is entitled to judgment against it in any amount whatsoever, including the costs of this litigation.

### COUNT V (STRICT LIABILITY/WRONGFUL DEATH)

25.    Mallinckrodt incorporates by reference its answers to all paragraphs of Counts I, II, III and IV of Plaintiff's Complaint.

26.    Mallinckrodt denies the allegations contained in paragraph 26 of Count V of Plaintiff's Complaint. Mallinckrodt has insufficient knowledge or information upon which to form a belief as to the truth or veracity of the allegations contained in paragraph 26 of Count V of Plaintiff's Complaint not directed at Mallinckrodt and therefore Mallinckrodt denies said allegations.

WHEREFORE, Mallinckrodt denies that the Plaintiff is entitled to judgment against it in any amount whatsoever, including the costs of this litigation.

### COUNT VI (STRICT LIABILITY/FAMILY EXPENSE ACT)

27.    Mallinckrodt has insufficient knowledge or information upon which to form a belief as to the truth or veracity of the allegations contained in paragraph 27 of Count VI of Plaintiff's Complaint and therefore Mallinckrodt denies said allegations.

28.    Mallinckrodt incorporates by reference its answers to all paragraphs of Counts I, II, III, IV and V of Plaintiff's Complaint.

29.    Mallinckrodt denies the allegations contained in paragraph 29 of Count VI of Plaintiff's Complaint. Mallinckrodt has insufficient knowledge or information upon which to form a belief as to the truth or veracity of the allegations contained in paragraph 29 of Count VI

of Plaintiff's Complaint not directed at Mallinckrodt and therefore Mallinckrodt denies said allegations.

WHEREFORE, Mallinckrodt denies that the Plaintiff is entitled to judgment against it in any amount whatsoever, including the costs of this litigation.

## COUNT VII
### (FRAUDULENT MISREPRESENTATION AGAINST THE DEFENDANTS BP AMERICA, INC. AND BP AMOCO CHEMICAL COMPANY)

The allegations contained in Count VII are not directed at Mallinckrodt and therefore Mallinckrodt makes no answer to the allegations contained in Count VII. To the extent that an answer is required, Mallinckrodt denies said allegations.

## COUNT VIII
### (BATTERY AGAINST THE DEFENDANTS BP AMERICA, INC. AND BP AMOCO CHEMICAL COMPANY)

The allegations contained in Count VIII are not directed at Mallinckrodt and therefore Mallinckrodt makes no answer to the allegations contained in Count VIII. To the extent that an answer is required, Mallinckrodt denies said allegations.

## COUNT IX
### (NEGLIGENCE AGAINST THE DEFENDANTS BP AMERICA, INC. AND BP AMOCO CHEMICAL COMPANY)

The allegations contained in Count IX are not directed at Mallinckrodt and therefore Mallinckrodt makes no answer to the allegations contained in Count IX. To the extent that an answer is required, Mallinckrodt denies said allegations.

## COUNT X
### (WILFUL AND WANTON COUNT AGAINST THE DEFENDANTS) BP AMERICA, INC. AND BP AMOCO CHEMICAL COMPANY)

The allegations contained in Count X are not directed at Mallinckrodt and therefore Mallinckrodt makes no answer to the allegations contained in Count X. To the extent that an answer is required, Mallinckrodt denies said allegations.

## AFFIRMATIVE DEFENSES

Mallinckrodt, for its Affirmative Defenses to Plaintiff's Complaint, states as follows:

### FIRST AFFIRMATIVE DEFENSE

The decedent's own conduct, fault, omissions and negligence was more than 50% of the proximate cause of the losses, injuries or damages of which Plaintiff complains and Plaintiff is therefore barred from recovering any damages whatsoever from Mallinckrodt pursuant to 735 ILCS 5/ 2-1116.

### SECOND AFFIRMATIVE DEFENSE

The decedent's own conduct, fault, omissions and negligence was 50% or less of the proximate cause of the losses, injuries or damages of which Plaintiff complains and Plaintiff's recovery therefore shall be diminished in the proportion to the amount of fault attributable to the Plaintiff pursuant to 735 ILCS 5/ 2-1116.

### THIRD AFFIRMATIVE DEFENSE

The losses, injuries and damages of which Plaintiff complains were sustained as a result of the conduct, fault, omissions or negligence of others, whether or not named as parties to this action, and such conduct, fault, omissions or negligence of others was the sole proximate cause or a proximate contributing cause of the losses, injuries or damages of which Plaintiff complains. If Plaintiff establishes that she is entitled to recover from the Defendants, which entitlement Mallinckrodt denies, her recovery is diminished to the extent that her damages are attributable to the conduct, fault, omissions or negligence of others.

### FOURTH AFFIRMATIVE DEFENSE

Any fault attributed to Mallinckrodt for Plaintiff's alleged losses, injuries or damages is less than 25% of the fault attributable to the decedent, other Defendants and any third party who could have been sued by Plaintiff and therefore Mallinckrodt can only be held severally liable for Plaintiff's alleged losses, injuries or damages pursuant to 735 ILCS 5/2-1117.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, including each and every Count thereof, fails to state a claim upon which relief can be granted against Mallinckrodt.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the methods, standards, and techniques utilized in selling the product(s) at issue, and in issuing warnings and instructions with respect to the use of such product(s), were in conformity with the generally recognized, reasonably available, and reliable state of knowledge at the time such product(s) was sold.

## SEVENTH AFFIRMATIVE DEFENSE

All acts of Mallinckrodt at the time of the alleged sale of the product(s) at issue were in conformity with the state-of-the-art at such times and, therefore, any recovery by Plaintiff is barred.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the methods, standards, and techniques utilized in selling the product(s) at issue, and in issuing warnings and instructions with respect to the use of such product(s), were in conformity with industry custom/usage/standards and/or legislative/administrative/regulatory standards.

## NINETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred pursuant to the Comment (k) Exception to Strict Tort Liability as defined by § 402A of the Restatement (Second) of Tort and § 4 of the Restatement (Third) of Torts (Product Liability).

## TENTH AFFIRMATIVE DEFENSE

If Plaintiff has been damaged, which Mallinckrodt denies, such damages were caused by the misuse and/or abuse of the product(s) at issue.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for failure to join indispensable parties.

## TWELFTH AFFIRMATIVE DEFENSE

If Plaintiff has been damaged, which Mallinckrodt denies, such damages were caused in whole or in part by the negligence/fault of the decedent.

## THIRTEENTH AFFIRMATIVE DEFENSE

If Plaintiff has been damaged, which Mallinckrodt denies, such damages were caused in whole or in part by the negligence/fault of one or more persons and/or entities for whose conduct Mallinckrodt is not legally responsible.

## FOURTEENTH AFFIRMATIVE DEFENSE

If Plaintiff has been damaged, which Mallinckrodt denies, the negligence/fault of the decedent must be compared, thereby reducing or completely barring Plaintiff's alleged right to recover against Mallinckrodt.

## FIFTEENTH AFFIRMATIVE DEFENSE

If Plaintiff has been damaged, which Mallinckrodt denies, the negligence/fault of one or more persons and/or entities for whose conduct Mallinckrodt is not legally responsible must be compared, thereby reducing or completely barring Plaintiff's alleged right to recover against Mallinckrodt.

## SIXTEENTH AFFIRMATIVE DEFENSE

If Plaintiff has been damaged, which Mallinckrodt denies, the negligence/fault of the decedent constitutes the sole, intervening, and superseding cause of Plaintiff's alleged damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

If Plaintiff has been damaged, which Mallinckrodt denies, the negligence/fault of one or more persons and/or entities for whose conduct Mallinckrodt is not legally responsible constitutes the sole, intervening, and superseding cause of Plaintiff's alleged damages.

## EIGHTHTEENTH AFFIRMATIVE DEFENSE

If Plaintiff has been damaged, which Mallinckrodt denies, the actions of one or more persons or entities for whose conduct Mallinckrodt is not legally responsible, and the independent knowledge and awareness of such other persons or entities of the risks inherent in the use of any product at issue and other independent causes, such as pre-existing or co-existing medical conditions, constitute an intervening and superseding cause of Plaintiff's alleged damages.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Mallinckrodt are expressly and/or impliedly preempted by federal law.

## TWENTYTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the learned intermediary, informed intermediary, bulk supplier, and/or sophisticated user doctrines.

## TWENTY FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations and/or repose.  See 735 ILCS 5/13-202, 5/13-213.

## TWENTY SECOND AFFIRMATIVE DEFENSE

If plaintiff has been damaged, which Mallinckrodt denies, such damages were caused by one or more unforeseeable, independent, intervening, and/or superseding events for which Mallinckrodt is not legally responsible.

## TWENTY THIRD AFFIRMATIVE DEFENSE

The design characteristics complained of in Plaintiff's Complaint, the alleged defects of the product(s) at issue, and/or any alternative design claimed by Plaintiff were not known and, in light of the existing, reasonably available scientific, medical, and technological knowledge, could not have been known. Any such alternative design was not scientifically or technologically feasible, nor was it economically practical.

## TWENTY FOURTH AFFIRMATIVE DEFENSE

If plaintiff has been damaged, which Mallinckrodt denies, such damages were caused by unrelated pre-existing conditions in the decedent.

## TWENTY FIFTH AFFIRMATIVE DEFENSE

If Plaintiff has been damaged, which Mallinckrodt denies, any recovery by Plaintiff is barred by the doctrine of assumption of risk.

## TWENTY SIXTH AFFIRMATIVE DEFENSE

If Plaintiff has been damaged, which Mallinckrodt denies, any recovery by Plaintiff is barred to the extent the decedent voluntarily exposed himself to a known risk.

## TWENTY SEVENTH AFFIRMATIVE DEFENSE

The decedent has failed to mitigate his alleged damages and, therefore, any recovery should not include alleged damages that the decedent could have avoided by reasonable care and diligence.

## TWENTY EIGHTH AFFIRMATIVE DEFENSE

Mallinckrodt is entitled to a set-off, should any damages be awarded against them, for the entire amount of damages or settlement amounts recovered from other sources.

### TWENTY NINETH AFFIRMATIVE DEFENSE

Pursuant to 735 ILCS 5/2-1205.1, Mallinckrodt is entitled to a set-off for amounts that have or will be replaced or indemnified in whole or in part from a collateral source.

### THIRTIETH AFFIRMATIVE DEFENSE

Mallinckrodt specifically pleads all affirmative defenses under the Uniform Commercial Code now existing or which may arise in the future, including, but not limited to, those defenses provided by UCC §§ 2-607 and 2-709.

### THIRTY FIRST AFFIRMATIVE DEFENSE

Mallinckrodt hereby gives notice that it intends to rely upon any additional affirmative defenses that become available or apparent during the course of investigation and/or discovery, and hereby reserves the right to amend its Answer to assert any such defenses.

### DEMAND FOR JURY TRIAL

Mallinckrodt demands a jury trial on all issues so triable.

WHEREFORE, having fully answered Plaintiff's Complaint, Mallinckrodt requests that the Court enter judgment in its favor, for its costs, and for such further relief as the Court deems just and proper.

SEGAL, McCAMBRIDGE, SINGER & MAHONEY, LTD.

One of the Attorneys for Mallinckrodt

Donald Segal, Esq.
Robert J. McLaughlin, Esq.
Segal McCambridge Singer & Mahoney, Ltd.
Sears Tower
233 S. Wacker Drive
Suite 5500
Chicago, IL 60606
Phone: (312) 645-7800
Fax:    (312) 645-7711

Michael Moeller
Colin Theis
Shook, Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, Missouri 64108
Phone: (816) 474-6550
Fax:    (816) 421-5547

STATE OF ILLINOIS                )

COUNTY OF COOK                 )


        ROBERT J. McLAUGHLIN, one of the attorneys for Defendant, Mallinckrodt Chemical, Inc., Individually and as Successor and f/k/a JT Baker Chemical Company a/k/a Mallinckrodt Baker Inc. ("Mallinckrodt"), hereby states pursuant to Illinois Code of Civil Procedure that the Defendant has no knowledge to form a belief as to the truth of the allegations contained in those paragraphs of the Answer to Plaintiff's Complaint answered by the Defendant as having want of knowledge as set forth in the Answer. I further state that the statements made in the foregoing Answer as to want of knowledge sufficient to form a belief are true and that as one of the attorneys of record for the Defendant I am duly authorized to make this affidavit on behalf of the Defendant.

                              Robert J. McLaughlin, Esq.

    [x] Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify

that the statements set forth herein are true and correct.

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| RACHAEL ROLOFF,<br>Individually and as Special Administrator<br>of the Estate of WILLIAM MARTIS,<br>Deceased,<br><br>   Plaintiff,<br><br>v.<br><br>BP AMERICA INC., BP AMOCO<br>CHEMICAL COMPANY, MALLINCKRODT<br>CHEMICAL, INC., Individually and as<br>successor and f/k/a JT BAKER CHEMICAL<br>COMPANY a/k/a MALLINCKRODT<br>BAKER INC., UNIVAR USA INC.,<br>Individually and as successor to and f/k/a VAN<br>WATERS & ROGERS,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 07 L 13912 |

## ROUTINE ORDER

 **THIS CAUSE COMING TO BE HEARD** before the Court on Defendant, Mallinckrodt Chemical, Inc., Individually and as Successor and f/k/a JT Baker Chemical Company a/k/a Mallinckrodt Baker Inc.'s Routine Motion to Admit Attorneys Michael D. Moeller and Colin C. Theis to Appear *Pro Hac Vice*;

 **IT IS HEREBY ORDERED THAT** Attorneys Michael D. Moeller and Colin C. Theis are granted leave of court to Appear *Pro Hac Vice*.

**JUDGE LYNN M. EGAN**

MAR 0 4 2008

Circuit Court-1683

ENTERED: _____

_____
JUDGE

Donald Segal, Esq.
Robert J. McLaughlin, Esq.
Segal McCambridge Singer & Mahoney, Ltd.
Sears Tower
233 S. Wacker Drive
Suite 5500
Chicago, IL 60606
Phone: (312) 645-7800
Fax:    (312) 645-7711
Firm ID# 13681

08CV2085
JUDGE KENDALL
MAGISTRATE JUDGE SCHENKIER

# EXHIBIT B

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

RACHEL ROLOFF, individually )
and as Special Representative and )
Special Administrator of the Estate of )
WILLIAM J. MARTIS, Deceased, )
    ) Case No. 07 L 13912
    Plaintiff, )
    )
vs. )
    )
BP AMERICA, INC., et al., )
    )
    Defendants. )

## ORDER

This cause coming to be heard upon Defendants BP America Inc. and BP Amoco Chemical Company's Motion to Dismiss Without Prejudice Pursuant to Stipulation and the parties' Stipulation to Dismiss the above captioned matter as it pertains to Defendants BP America Inc. and BP Amoco Chemical Company, with the parties and the Court being fully advised;

It is hereby ordered that the Defendants BP America Inc. and BP Amoco Chemical Company's Motion to Dismiss Without Prejudice Pursuant to Stipulation is granted and Defendants BP America Inc. and BP Amoco Chemical Company are dismissed from the above captioned case without prejudice and without costs.

Judge _____

Date _____

ENTERED
JUDGE JOHN A. WARD · 1537

APR - 1 2008

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Chilton Yambert & Porter LLP
150 South Wacker Drive, Suite 2400
Chicago, Illinois 60606
(312) 460-8000
Attorney No.: 35613

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

RACHEL ROLOFF, individually      )
and as Special Representative and      )
Special Administrator of the Estate of      )
WILLIAM J. MARTIS, Deceased,      )
                                                       )    Case No. 07 L 13912
            Plaintiff,                            )
                                                       )
vs.                                                  )
                                                       )
BP AMERICA, INC., et al.,            )
                                                       )
            Defendants.                        )

## MOTION TO DISMISS WITHOUT PREJUDICE PURSUANT TO STIPULATION

NOW COMES Defendants BP America Inc. and BP Amoco Chemical Company ("BP Defendants"), by and through its attorneys Chilton Yambert & Porter LLP, and move this Honorable Court for an Order dismissing the above captioned action with prejudice pursuant to the attached Stipulation to Dismiss with regards to BP America Inc. and BP Amoco Chemical Company only.

WHEREFORE, Defendants BP America Inc. and BP Amoco Chemical Company request that this Honorable Court grant its Motion to Dismiss With Prejudice Pursuant to Stipulation and enter an Order dismissing BP America Inc. and BP Amoco Chemical Company only from the above captioned case without prejudice and without costs.

Respectfully submitted,

One of the attorneys for Defendants
BP America Inc. and
BP Amoco Chemical Company

CHILTON YAMBERT & PORTER LLP
150 South Wacker Drive, Suite 2400
Chicago, IL 60606
(312) 460-8000
Attorney No.: 35613

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| RACHEL ROLOFF, individually )<br>and as Special Representative and )<br>Special Administrator of the Estate of )<br>WILLIAM J. MARTIS, Deceased, )<br> )<br>    Plaintiff, )<br> )<br>vs. )<br> )<br>BP AMERICA, INC., et al., )<br> )<br>    Defendants. ) | Case No. 07 L 13912 |

**STIPULATION TO DISMISS**

IT IS HEREBY STIPULATED AND AGREED TO by and between the Plaintiff Rachel Roloff, individually and as Special Representative and Special Administrator of the Estate of William Martis, Deceased ("Plaintiff") and Defendants BP America Inc. and BP Amoco Chemical Company ("BP Defendants"), and their respective attorneys, that the said cause may be dismissed without prejudice, and without costs to either party as to the BP Defendants only.

IT IS HEREBY STIPULATED AND AGREED TO that an order pursuant to the foregoing may be entered of record without further notice to either party, upon the presentation of stipulation.

WHEREFORE, the parties hereto pray that the Court will enter an order dismissing the Plaintiffs' Complaint as it pertains to BP America Inc. and BP Amoco Chemical Company only without prejudice.

| | |
|---|---|
| _____<br>Larry J. Chilton<br>Chilton Yambert & Porter LLP<br>Attorneys for BP America Inc. and<br>BP Amoco Chemical Company | _____<br>Randall Collins<br>The Law Office of Herschel L. Hobson<br>Attorneys for Plaintiff |