UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RACHAEL ROLOFF, Individually and as Special Administrator of the Estate of WILLIAM J. MARTIS, Deceased,<br>　　　　　　　　　　Plaintiff<br><br>VS.<br><br>MALLINCKRODT BAKER INC., F/K/A J.T. BAKER INC., UNIVAR USA INC., INDIVIDUALLY AND AS SUCCESSOR TO AND F/K/A VAN WATERS & ROGERS,<br>　　　　　　　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§　No. 1:08-CV-02085<br>§　Honorable Virginia M. Kendall<br>§<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff in the above-styled and numbered cause and files her Motion for Leave to Amend and for grounds of granting the same, Plaintiff will show unto the Court as follows:

I.

Plaintiff requests the Court leave to amend Plaintiff's Original Complaint based on the need to set out the Defendants' names correctly and to replead due to dismissed Defendants. This Motion is not sought for delay, but so that justice can be served.

WHEREFORE, Plaintiff prays the Court grant her Motion for Leave to Amend to her Complaint at Law.

Respectfully Submitted,

/s/ Robert N. Wadington
Attorneys for Plaintiff

ROBERT WADINGTON & ASSOCIATES
111 W. Washington Street, Ste. 1460
Chicago, IL 60602-2703
Phone (312) 629-2706
Facsimile (312) 629-8022

**CERTIFICATE OF SERVICE VIA MAIL**

The undersigned, a non attorney, on oath states under penalties of perjury, that I sent a Copy of this Notice of Motion and Plaintiff's Motion, to all counsel of record on the attached Service List by depositing same in the US Mail Chute at 111 West Washington Street, Chicago, Illinois before 5:00 P.M. on July 3, 2008.

/s/ Christopher L. Panio

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RACHAEL ROLOFF, Individually and as Special Administrator of the Estate of WILLIAM J. MARTIS, Deceased, <br> Plaintiff <br><br> VS. <br><br> MALLINCKRODT BAKER INC., F/K/A J.T. BAKER INC., UNIVAR USA INC., INDIVIDUALLY AND AS SUCCESSOR TO AND F/K/A VAN WATERS & ROGERS, <br> Defendants. | § § § § § § § § § § § § § § | No. 1:08-CV-02085 <br> Honorable Virginia M. Kendall |

**REMOVED FROM**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| RACHAEL ROLOFF, Individually and as Special Administrator of the Estate of WILLIAM J. MARTIS, Deceased, <br> Plaintiff <br><br> VS. <br><br> BP AMERICA INC., ET AL <br> Defendants. | § § § § § § § § § § § § | No. 2007 L 013912 |

**PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW**

**COUNT I (NEGLIGENCE/SURVIVAL ACT)**

NOW COMES Plaintiff, RACHAEL ROLOFF, Individually and as Special Administrator of the Estate of WILLIAM J. MARTIS, Deceased, by and through her attorneys, ROBERT N. WADINGTON & ASSOCIATES and THE LAW OFFICES OF HERSCHEL L. HOBSON, and for her cause of action

against the Defendants, states:

1. That **RACHAEL ROLOFF** is a resident of the State of Florida and is the Special Administrator of the Estate of the deceased, **WILLIAM J. MARTIS**.

2. Plaintiff brings this action pursuant to 755 ILCS 5/27-6.

3. This action is brought by **RACHAEL ROLOFF** as Special Administrator of the Estate of **WILLIAM J. MARTIS**, Deceased, on behalf of each of the beneficiaries of **WILLIAM J. MARTIS**, pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/2.1 et seq. The beneficiaries are:

    **RACHAEL ROLOFF** – daughter

    **TRISHA PELTON** – daughter

    **JEFFREY MARTIS** – son

4. Each of the aforementioned beneficiaries bring this cause for loss of the financial support, love, guidance, advice and other consortium caused by the death of **WILLIAM J. MARTIS**.

5. The Defendants Mallinckrodt Baker Inc., f/k/a J.T. Baker Inc., (hereinafter "Mallinckrodt") and Univar USA Inc., Individually and as Successor to and f/k/a Van Waters & Rogers (hereinafter "Univar") are engaged in the business of designing, processing, manufacturing, selling and distributing benzene and products containing benzene.

6. The Defendants were and may still be doing business in the state of Illinois and have established the necessary minimum contacts with the state of Illinois.

7. That **WILLIAM J. MARTIS** died as the result of myelofibrosis on May 12, 2007. Decedent, **WILLIAM J. MARTIS**, was employed by BP America and/or BP Amoco

Chemical a/k/a Amoco Corporation in Joliet, Illinois during the time period of 1968 through 1999.

8. During this time, the Decedent was exposed to benzene and products containing benzene at his workplace in his duties as a lab technician and later supervisor. At all times herein, the benzene and products containing benzene were produced and/or supplied by the Defendants Mallinckrodt Baker Inc., f/ka J.T. Baker Inc. and Univar USA Inc. and/or their successors/predecessors.

9. That at all times herein set forth, the Defendants' products were being employed in the manner and for the purposes for which they were intended.

10. The Decedent's exposure to, inhalation, ingestion and/or absorption of the benzene and products containing benzene was completely foreseeable and could or should have been anticipated by the Defendants.

11. The Defendants knew or should have known that the benzene and products containing benzene had a toxic, poisonous and highly deleterious affect upon the health of the persons inhaling, ingesting or otherwise absorbing them, such as the decedent, **WILLIAM J. MARTIS**.

12. At all times herein relevant, the Defendants had a duty to exercise reasonable care and caution for the safety, health and welfare of the decedent and others working with and around benzene and products containing benzene.

13. That Defendants failed to exercise ordinary care and caution for the safety, health and welfare of the Decedent in one or more of the following respects:

   a. Included benzene in their products and processes, even though it was completely foreseeable and could or should have been anticipated that persons such as the Decedent, **WILLIAM J. MARTIS**, working with or around them

would inhale, ingest or otherwise absorb the carcinogen;

b. Included benzene in their products and processes while the Defendants knew or should have known that said carcinogenic chemicals would have a toxic, poisonous and highly deleterious affect upon the health of persons handling, ingesting or otherwise absorbing them;

c. Included benzene in their products and processes when adequate substitutes for these carcinogenic chemicals were available;

d. Failed to allocate any or adequate funds to test, monitor and research the human health affects of products containing benzene or processes on workers or in users such as the Decedent, **WILLIAM J. MARTIS,** when the Defendants knew or should have known that said carcinogenic chemicals would have a toxic, poisonous and highly deleterious affect upon the health of persons inhaling, ingesting or otherwise absorbing them;

e. Failed to test, monitor, research and maintain data and records concerning workers and in users such as the Decedent, **WILLIAM J. MARTIS,** regarding the human health affects of benzene and products or processes containing benzene to determine and better understand the hazards to which such workers and end-users would be exposed while working with or around said products and processes;

f. Failed to provide any or adequate warnings to Decedent, **WILLIAM J. MARTIS,** and other persons working with or around the above products and processes concerning the dangers of inhaling, ingesting or otherwise absorbing the benzene contained in them;

g. Failed to timely provide any or adequate instructions to Decedent, **WILLIAM J. MARTIS,** to protect himself from harm when working with or around the above products and processes, including specific instructions regarding how to avoid inhaling, ingesting or otherwise absorbing the benzene in such products, if such instructions, in truth, exist;

h. Failed to recommend to Decedent, **WILLIAM J. MARTIS,** the use of adequate personal protective equipment inhaling or working with or around benzene and products or processes containing benzene;

i. Failed to recommend adequate engineering controls to reduce or eliminate exposure of the Decedent, **WILLIAM J. MARTIS,** and other persons working with or around benzene and products and processes containing benzene;

j. Failed to recall or cease using benzene and products and processes containing

       benzene which it had designed, manufactured, sold, distributed or were currently using;

    k.    Breached the warranty of merchantability to the Decedent, **WILLIAM J. MARTIS**, as well as others, when the Defendants warranted either expressly or impliedly to be merchantable, when in truth, they were not;

    l.    Provided the Decedent, **WILLIAM J. MARTIS**, with products containing benzene which **WILLIAM J. MARTIS** was required to work with and was exposed to while performing his duties;

    m.    Failed to warn the Decedent, **WILLIAM J. MARTIS**, of the known originally foreseeable dangers of contracting cancer from use of the Defendants' defective and unreasonably dangerous products;

    n.    Failed to place a safer product into the stream of commerce which would have prevented **WILLIAM J. MARTIS'** disease without impairing the products utility, although a safer product was economically and technologically feasible at the time the product left the control of Defendants;

    o.    Knew or without exercise of reasonable care should have known that Defendants' products contained a hazardous carcinogen a chemical benzene as a product component and/or contaminant which was in a defective, unreasonably dangerous condition and that use of their products would cause cancer; AND

    p.    Such other acts and/or omissions as may be shown proper at the time of trial.

14.    That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants mentioned above, Decedent, **WILLIAM J. MARTIS**, was exposed to and inhaled, ingested or otherwise absorbed great amounts of benzene and products containing benzene causing him to develop the chemically induced disease, myelofibrosis, which disabled and disfigured the Decedent and which ultimately caused his untimely death; that prior to his death, Decedent also expended and became liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his chemically-induced disease and conditions; prior to his death, the Decedent experienced great physical pain and mental anguish.

WHEREFORE, RACHAEL ROLOFF, Individually and as Special Administrator of the Estate of WILLIAM J. MARTIS, Deceased, prays judgment be entered against the Defendants jointly and severally for actual compensatory damages as are fair and reasonable, in excess of $50,000.00, including the cost of this action and any other such relief as the Court deems just and equitable.

### COUNT II (NEGLIGENCE/WRONGFULDEATH)

NOW COMES, RACHAEL ROLOFF, Individually and as Special Administrator of the Estate of WILLIAM J. MARTIS, Deceased, by and through her attorneys, ROBERT N. WADINGTON & ASSOCIATES and THE LAW OFFICES OF HERSCHEL L. HOBSON, and for her cause of action against the Defendants, states:

1-14. Plaintiff herein incorporates by reference paragraphs 1 through 14 of this amended complaint.

15. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants mentioned above, Decedent, **WILLIAM J. MARTIS**, was exposed to and inhaled, ingested or otherwise absorbed great amounts of benzene causing him to develop the chemically induced disease aforesaid, which disabled and disfigured the Decedent and which ultimately caused his untimely death; that prior to his death, Decedent also expended and became liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his chemically-induced disease and conditions; as a result the children of decedent have suffered great losses of a personal and pecuniary nature, including the loss of companionship and society of the decedent, subjecting the Defendants to liability pursuant to 740 ILCS 180/0.01, commonly referred to as the Wrongful Death Act.

16. This action is brought by **RACHAEL ROLOFF** as Special Administrator of the

> Estate of **WILLIAM J. MARTIS**, Deceased, on behalf of each of the beneficiaries of **WILLIAM J. MARTIS**, pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/2.1 et seq.  The beneficiaries are:
>
> > **RACHAEL ROLOFF** – daughter
> >
> > **TRISHA PELTON** – daughter
> >
> > **JEFFREY MARTIS** – son

17. Each of the aforementioned beneficiaries bring this cause for loss of the financial support, love, guidance, advice and other consortium caused by the death of **WILLIAM J. MARTIS**.

WHEREFORE, Plaintiff, Rachael Roloff, Individually and as Special Administrator for the Estate of WILLIAM J. MARTIS, Deceased**,** prays judgment be entered against the Defendants jointly and severally for actual compensatory damages as are fair and reasonable, in excess of $50,000.00, including the cost of this action and any other such relief as the Court deems just and equitable.

## COUNT III (NEGLIGENCE/FAMILY EXPENSE ACT)

NOW COMES, RACHAEL ROLOFF, Individually and as Special Administrator of the Estate of WILLIAM J. MARTIS, Deceased**,** by and through her attorneys, ROBERT WADINGTON & ASSOCIATES and THE LAW OFFICES OF HERSCHEL L. HOBSON, and for her cause of action against the Defendants, states:

1-17. Plaintiff herein incorporates by reference paragraphs 1 through 16 of this Complaint.

18. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants mentioned above, Decedent, **WILLIAM J. MARTIS**, was exposed to and inhaled, ingested or otherwise absorbed great amounts of benzene causing him to develop the chemically induced disease aforesaid, which

disabled and disfigured the Decedent and which ultimately caused his death; that prior to his death, Decedent also expended and became liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his chemically-induced disease and conditions; as a result Plaintiff has incurred and paid certain expenses, including medical, health care and funeral expenses.

WHEREFORE, Plaintiff, RACHAEL ROLOFF, Individually and as Special Administrator for the Estate of WILLIAM J. MARTIS, Deceased, prays judgment be entered against the Defendants jointly and severally for actual compensatory damages as are fair and reasonable, in excess of $50,000.00, including the cost of this action and any other such relief as the Court deems just and equitable.

## COUNT IV (STRICT LIABILITY/SURVIVAL ACT)

NOW COMES, RACHAEL ROLOFF, Individually and as Special Administrator of the Estate of WILLIAM J. MARTIS, Deceased, by and through her attorneys, ROBERT WADINGTON & ASSOCIATES and THE LAW OFFICES OF HERSCHEL L. HOBSON, and for her cause of action against the Defendants, states:

1-18.   Plaintiff repeats and alleges Paragraphs 1 through 17 of this amended complaint.

19.   At the time Defendants manufactured, sold, and/or distributed benzene and products containing benzene to which Decedent, **WILLIAM J. MARTIS,** was exposed, and said chemicals and products were in a defective condition and were unreasonably dangerous in that:

   a.   Said products contained benzene as a constituent substance;

   b.   Said benzene was highly toxic, deleterious, poisonous and harmful to the health of Decedent and others similarly situated;

   c.   Said products were not accompanied by any or adequate warnings advising of the danger of exposure to benzene or of precautions to the development

and the use of products containing benzene.

20. Said substances and products reached Decedent's work site in substantially the same condition as when manufactured, distributed and sold.

21. At all times relevant hereto, said products were used in the manner and environment intended, and in a manner reasonably foreseeable and anticipated by Defendants.

22. The aforesaid benzene and products containing benzene were in a defective condition and constituted abnormally hazardous and ultra hazardous substances.

23. As a direct and proximate result of said defective, unreasonably dangerous and ultra hazardous conditions of said products and processes, Decedent was exposed to and inhaled, ingested or otherwise absorbed great amounts of benzene and products containing benzene causing Decedent to develop the benzene-related disease, myelofibrosis, which disabled and disfigured Decedent and from which he ultimately died; Decedent also expended large sums of monies for hospital, medical and healthcare services necessary for the treatment of his chemically-induced diseases and conditions; prior to his death, the Decedent experienced great physical pain and mental anguish.

WHEREFORE, Plaintiff, RACHAEL ROLOFF, Individually and as Special Administrator for the Estate of WILLIAM J. MARTIS, Deceased, prays judgment be entered against the Defendants jointly and severally for actual compensatory damages as are fair and reasonable, in excess of $50,000.00, including the cost of this action and any other such relief as the Court deems just and equitable.

COUNT V (STRICT LIABILITY/WRONGFUL DEATH)

COMES NOW, RACHAEL ROLOFF, Individually and as Special Administrator of the Estate of WILLIAM J. MARTIS, Deceased, by and through her attorneys, ROBERT WADINGTON & ASSOCIATES

and THE LAW OFFICES OF HERSCHEL L. HOBSON, and for Count V of her Complaint against the Defendants, states:

1-23. Plaintiff incorporates by reference paragraphs 1 through 23 of this amended complaint.

24. As a direct and proximate result of said defective, unreasonably dangerous and ultra hazardous conditions of said products and processes, Decedent was exposed to and inhaled, ingested or otherwise absorbed great amounts of benzene and products or processes containing benzene causing Decedent to develop the benzene-related disease, myelofibrosis, which disabled and disfigured Decedent and from which he ultimately died; Decedent also expended large sums of monies for hospital, medical and healthcare services necessary for the treatment of his chemically-induced diseases and conditions; as a result, the children of Decedent have suffered great losses of a personal and pecuniary nature, including the loss of companionship and society of the Decedent, subjecting the Defendants to liability pursuant to 740 ILCS 180/0.01, commonly referred to the Wrongful Death Act.

WHEREFORE, Plaintiff, RACHAEL ROLOFF, Individually and as Special Administrator for the Estate of WILLIAM J. MARTIS, Deceased, prays judgment be entered against the Defendants jointly and severally for actual compensatory damages as are fair and reasonable, in excess of $50,000.00, including the cost of this action and any other such relief as the Court deems just and equitable.

## COUNT VI (STRICT LIABILITY/FAMILY EXPENSE ACT)

NOW COMES, RACHAEL ROLOFF, Individually and as Special Administrator of the Estate of WILLIAM J. MARTIS, Deceased, by and through her attorneys, ROBERT N. WADINGTON & ASSOCIATES, P.C. and THE LAW OFFICES OF HERSCHEL L. HOBSON, and for Count VI of her

Complaint against the Defendants, states:

1-24.  Plaintiff herein incorporates by reference paragraphs 1 through 24 of this amended complaint.

25.  As a direct and proximate result of said defective, unreasonably dangerous and ultra hazardous conditions of said products and processes, Decedent was exposed to and inhaled, ingested or otherwise absorbed great amounts of benzene and products or processes containing benzene causing Decedent to develop the benzene-related disease, myelofibrosis, which disabled and disfigured Decedent and from which he ultimately died; Decedent also expended large sums of monies for hospital, medical and healthcare services necessary for the treatment of his chemically-induced diseases and conditions; Plaintiff also incurred and paid certain expenses, including medical, health care and funeral expenses.

WHEREFORE, Plaintiff, RACHAEL ROLOFF, Individually and as Special Administrator for the Estate of WILLIAM J. MARTIS, Deceased, prays judgment be entered against the Defendants jointly and severally for actual compensatory damages as are fair and reasonable, in excess of $50,000.00, including the cost of this action and any other such relief as the Court deems just and equitable.

WHEREFORE, Plaintiff prays that she be awarded, in addition to her economic damages in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, punitive and exemplary damages.

Respectfully Submitted,

/s/ Randall D. Collins
Randall D. Collins
Attorneys for Plaintiff

        LAW OFFICES OF HERSCHEL L. HOBSON
        2190 Harrison
        Beaumont, Texas  77701
        Phone (409) 838-6410
        Facsimile (409) 838-6084

        <u>/s/ Robert N. Wadington</u>
        Robert N. Wadington
        Attorneys for Plaintiff

        ROBERT WADINGTON & ASSOCIATES
        111 W. Washington Street, Ste. 1460
        Chicago, IL 60602-2703
        Phone (312) 629-2706
        Facsimile (312) 629-8022

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RACHAEL ROLOFF, Individually and as Special Administrator of the Estate of WILLIAM J. MARTIS, Deceased, Plaintiff | § § § § § | |
| VS. | § § | No. 1:08-CV-02085 Honorable Virginia M. Kendall |
| MALLINCKRODT BAKER INC., F/K/A J.T. BAKER INC., UNIVAR USA INC., INDIVIDUALLY AND AS SUCCESSOR TO AND F/K/A | § § § § | |
| VAN WATERS & ROGERS, Defendants. | § § | |

REMOVED FROM

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| RACHAEL ROLOFF, Individually and as Special Administrator of the Estate of WILLIAM J. MARTIS, Deceased, Plaintiff | § § § § § § | |
| VS. | § § | No. 2007 L 013912 |
| BP AMERICA INC., ET AL Defendants. | § § | |

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 3, 2008, he served the Defendants, **Plaintiff's First Amended Complaint at Law** on all counsel of record via first class mail by depositing same into an envelope properly sealed and with proper postage prepaid, at 111 W. Washington, Suite 1460, Chicago, IL 60607 before 5:00 p.m., on July 3, 2008

[x]   Pursuant to 28 USC Section 1746(2), I certify under penalty of perjury that the foregoing is true and correct.   Executed on: June 3, 2008.

/s/ Robert N. Wadington
Robert N. Wadington
ROBERT WADINGTON & ASSOCIATES
111 W. Washington Street, Ste. 1460
Chicago, IL 60602-2703
Phone (312) 629-2706
Facsimile (312) 629-8022

### Service List

**ATTORNEYS FOR PLAINTIFF**

Robert Wadington & Associates
111 W. Washington Street, Suite 1460
Chicago, IL  60602-2703
Ph. (312) 629-2706
Fax (312) 629-8022

Herschel L. Hobson
Randall D. Collins
The Law Offices of Herschel L. Hobson
2190 Harrison
Beaumont, TX  77701
Ph. (409) 838-6410
Fax (409) 838-6084

**ATTORNEYS FOR DEFENDANTS**

MALLINCKRODT BAKER INC., f/k/a J.T. Baker Inc.
Mr. Donald Segal
Mr. Robert J. McLaughlin
Segal McCambridge Singer & Mahoney Ltd.

233 S. Wacker Drive, Suite 2550
Chicago, IL  60611
Ph. (312) 645-7800
Fax (312) 645-7711

Mr. Michael Moeller, Esq.
Mr. Colin Theis, Esq.
Shook, Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, MO   64108
Ph. (816) 559-2370 – direct (Michael Moeller)
Ph. (816) 559-2124 – direct (Colin Theis)
Ph. (816) 474-6550 – main
Fax (816) 421-5547

UNIVAR USA, INC., individually and
As successor to and f/k/a Van Waters & ogers
Mr. Eric L. Samore
Ms. Molly A. Arranz
Mr. Darren P. Grady
SmithAmundsen, LLC
150 North Michigan Avenue
Suite 3300
Chicago, IL  60601
Ph. (312) 894-3200
Fax (312) 894-3210