3006431 - ELS

Firm ID 42907

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| RACHEL ROLOFF, Individually and as Special Administrator Of the Estate of WILLIAM J. MARTIS, Deceased, <br><br> Plaintiff, <br><br> vs. <br><br> MALLINCKRODT BAKER, INC., F/K/A JT BAKER INC.,UNIVAR USA, INC., INDIVIDUALLY AND AS SUCCESSOR TO AND F/K/A VAN WATERS & ROGERS <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 08 CV 02085 <br><br> Honorable Virginia M. Kendall |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW

NOW COMES Defendant UNIVAR USA, INC., Individually and as successor to and F/K/A VAN WATERS & ROGERS, by and through its attorneys, SMITHAMUNDSEN, LLC, and for its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint at Law, states as follows:

### COUNT I (NEGLIGENCE / SURVIVAL ACT)

1. THAT **RACHEAL ROLOFF** is a resident of the State of Florida and is the Special Administrator of the Estate of the deceased, **WILLIAM J. MARTIS**.

**ANSWER:** Defendant, Univar USA, Inc., Individually and as successor to and f/k/a Van Waters & Rogers, (hereinafter "Univar"), neither admits nor denies the allegations contained in Paragraph 1 of Plaintiff's First Amended Complaint, but demands strict proof thereof.

2. Plaintiff brings this action pursuant to 755 ILCS 5/27-6.

**ANSWER:**     Defendant Univar neither admits nor denies the allegations contained in Paragraph 2 of Plaintiff's First Amended Complaint, but demands strict proof thereof.

3. This action is brought by **RACHAEL ROLOFF** as Special Administrator of the Estate of **WILLIAM J. MARTIS**, Deceased, on behalf of each of the beneficiaries of **WILLIAM J. MARTIS**, pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/2.1 et seq. The beneficiaries are:

> **RACHAEL ROLOFF** – daughter
>
> **TRISHA PELTON** – daughter
>
> **JEFFREY MARTIS** - son

**ANSWER:**     Defendant Univar neither admits nor denies the allegations contained in Paragraph 3 of Plaintiff's First Amended Complaint, but demands strict proof thereof.

4. Each of the aforementioned beneficiaries bring this cause for loss of the financial support, love, guidance, advice and other consortium caused by the death of **WILLIAM J. MARTIS**.

**ANSWER:**     Defendant Univar neither admits nor denies the allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint, but demands strict proof thereof.

5. The Defendant Mallickrodt Baker, Inc., f/k/a J.T. Baker Inc., (hereinafter "Mallinckrodt") and Univar USA Inc., Individually and as Successor to the f/k/a Van Waters & Rogers (hereinafter "Univar") are engaged in the business of designing, processing manufacturing, selling and distributing benzene and products containing benzene.

**ANSWER:**     Defendant Univar neither admits nor denies the allegations contained in Paragraph 5 of Plaintiff's First Amended Complaint, relating to Co-Defendants Mallinckrodt Chemical Company and related entities, but demands strict proof thereof. Defendant Univar denies the allegations contained in Paragraph 5 of Plaintiff's First Amended Complaint relating to Univar.

6. The Defendant were and may still be doing business in the state of Illinois and have established the necessary minimum contacts with the state of Illinois.

**ANSWER:**   Defendant Univar denies the allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint.

7. That **WILLIAM J. MARTIS** died as the result of myelofibrosis on May 12, 2007. Decedent, **WILLIAM J. MARTIS**, was employed by BP America and/or BP America Chemical a/k/a Amoco Corporation in Joliet, Illinois during the time period of 1968 through 1999.

**ANSWER:**   Defendant Univar neither admits nor denies the allegations contained in Paragraph 7 of Plaintiff's First Amended Complaint relating to the time during which the deceased was employed by BP, but demands strict proof thereof. Defendant Univar denies the remaining allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint.

8. During the time, the Decedent was exposed to benzene and products containing benzene at his workplace in his duties as a lab technician and later supervisor. At all times herein, the benzene and products containing benzene were produced and/or supplied by the Defendants Mallinckrodt Baker Inc., f/k/a J.T. Baker Inc. and Univar USA Inc. and/or their successors/predecessors.

**ANSWER:**   Defendant Univar denies the allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint.

9. That at all times herein set forth, the Defendant's products were being employed in the manner and for the purposes for which they were intended.

**ANSWER:**   Defendant Univar denies the allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint.

10. The Decedent's exposure to, inhalation, ingestion and/or absorption of the benzene and products containing benzene was completely foreseeable and could or should have been anticipated by the Defendants.

3

**ANSWER:**    Defendant Univar denies the allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint.

11. The Defendants knew or should have known that the benzene and products containing benzene had a toxic, poisonous and highly deleterious affect upon the health of the persons inhaling, ingesting or otherwise absorbing them, such as the decedent, **WILLIAM J. MARTIS**.

**ANSWER:**    Defendant Univar denies the allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint.

12. At all times herein relevant, the Defendants had a duty to exercise reasonable care and caution for the safety, health and welfare of the decedent and others working with and around benzene and products containing benzene.

**ANSWER:**    Defendant Univar admits that it held certain duties with respect to the deceased, but denies that the duties are properly stated in Paragraph 12 of Plaintiff's First Amended Complaint at Law.

13. That Defendants failed to exercise ordinary care and caution for the safety, health and welfare of the Decedent in one or more of the following respects:

a.      Included benzene in their products and processes, even though it was completely foreseeable and could or should have been anticipated that persons such as the Decedent, **WILLIAM J. MARTIS**, working with or around them would inhale, ingest or otherwise absorb the carcinogen;

b.      Included benzene in their products and processes while the Defendants knew or should have known that said carcinogenic chemicals would have a toxic, poisonous and highly deleterious affect upon the health of persons handling, ingesting or otherwise absorbing them;

c.      Included benzene in their products and processes when adequate substitutes for these carcinogenic chemicals were available;

d.      Failed to allocate any or adequate funds to test, monitor and research the human health affects of products containing benzene or processes on workers or in users such as the Decedent, **WILLIAM J. MARTIS**, when the Defendants knew or should have known that said carcinogenic chemicals would have a toxic, poisonous and highly deleterious affect upon the health of persons inhaling, ingesting or otherwise absorbing them;

e.   Failed to test, monitor, research and maintain data and records concerning workers and in users such as the Decedent, **WILLIAM J. MARTIS**, regarding the human health affects of benzene and products or processes containing benzene to determine and better understand the hazards to which such workers and end-users would be exposed while working with or around said products and processes;

f.   Failed to provide any or adequate warnings to Decedent, **WILLIAM J. MARTIS**, and other persons working with or around the above products and processes concerning the dangers of inhaling, ingesting or otherwise absorbing the benzene contained in them;

g.   Failed to timely provide any or adequate instructions to Decedent, **WILLIAM J. MARTIS**, to protect himself from harm when working with or around the products and processes, including specific instructions regarding how to avoid inhaling, ingesting or otherwise absorbing the benzene in such products, if such instructions, in truth, exists;

h.   Failed to recommend to Decedent, **WILLIAM J. MARTIS**, the use of adequate personal protective equipment inhaling or working with or around benzene and products or processes containing benzene;

i.   Failed to recommend adequate engineering controls to reduce or eliminate exposure of the Decedent, **WILLIAL J. MARTIS**, and other persons working with or around benzene and products and processes containing benzene;

j.   Failed to recall or cease using benzene and products and processes containing benzene which is had designed, manufactured, sold, distributed or were currently using;

k.   Breached the warranty of merchantability to the Defendant, **WILLIAM J. MARTIS**, as well as others, when the Defendants warranted either expressly or impliedly to be merchantable, when in truth, they were not;

l.   Provided the Decedent, **WILLIAM J. MARTIS**, with products containing benzene which **WILLIAM J. MARTIS** was required to work with and was exposed to while performing his duties;

m.   Failed to warn the Decedent, **WILLIAM J. MARTIS**, of the known originally foreseeable dangers of contracting cancer from use of the Defendants' defective and unreasonably dangerous products;

n.   Failed to place a safer product into the stream of commerce which would have prevented **WILLIAM J. MARTIS'** disease without impairing the products utility, although a safer product was economically and

technologically feasible at the time the product left the control of Defendants;

o.   Knew or without exercise of reasonable care should have known that Defendants' products contained a hazardous carcinogen a chemical benzene as a product component and/or contaminant which was in a defective, unreasonably dangerous condition and that use of their products would cause cancer; AND

p.   Such other acts and/or omissions as may be shown proper at the time of trial.

**ANSWER:**   Defendant Univar denies the allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint, including subparagraphs (a) through (p), inclusive.

14. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants mentioned above, Decedent, **WILLIAM J. MARTIS,** was exposed to and inhaled, ingested or otherwise absorbed great amounts of benzene and products containing benzene causing him to develop the chemically induced disease, myelofibrosis, which disabled and disfigured the Decedent and which ultimately caused his untimely death; that prior to his death, Decedent also expended and became liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his chemically-induced disease and conditions; prior to his death, the Decedent experienced great physical pain and mental anguish.

**ANSWER:**   Defendant Univar denies the allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint.

WHEREFORE, Defendant Univar USA, Inc., Individually and as successor to and f/k/a Van Waters & Rogers, prays that this Honorable Court enter an Order in its favor and against the Plaintiff, denying and dismissing Count I of Plaintiff's First Amended Complaint.

## COUNT II (NEGLIGENCE / WRONGFUL DEATH)

1-14.   Plaintiff herein incorporates by reference paragraphs 1 through 14 of this amended complaint.

6

**ANSWER:**    Defendant Univar herein incorporates by reference its answers to Paragraphs 1 through 14 of Count I of Plaintiff's First Amended Complaint.

15. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants mentioned above, Decedent, **WILLIAM J. MARTIS,** was exposed to and inhaled, ingested or otherwise absorbed great amounts of benzene causing him to develop the chemically induced disease aforesaid, which disabled and disfigured the Decedent and which ultimately caused his untimely death; that prior to his death, Decedent also expended and became liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his chemically-induced disease and conditions; as a result the children of decedent have suffered great losses of a personal and pecuniary nature, including the loss of companionship and society of the decedent, subjecting the Defendants to liability pursuant tot 740 ILCS 180/0.01, commonly referred to as the Wrongful Death Act.

**ANSWER:**    Defendant Univar denies the allegations contained in Paragraph 15 of Count II of Plaintiff's First Amended Complaint.

16. This action is brought by **RACHAEL ROLOFF** as Special Administrator of the Estate of **WILLIAM J. MARTIS,** Deceased, on behalf of each of the beneficiaries of **WILLIAM J. MARTIS,** pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/2.1 et seq. The beneficiaries are:

> **RACHAEL ROLOFF** – daughter
>
> **TRISHA PELTON** – daughter
>
> **JEFFREY MARTIS** - son

**ANSWER:**    Defendant Univar neither admits nor denies the allegations contained in the second Paragraph 16 of Count II of Plaintiff's First Amended Complaint, but demands strict proof thereof.

17. Each of the aforementioned beneficiaries bring this cause for loss of the financial support, love, guidance, advice and other consortium caused by the death of **WILLIAM J. MARTIS.**

**ANSWER:**    Defendant Univar neither admits nor denies the allegations contained in the second Paragraph 17 of Count II of Plaintiff's First Amended Complaint, but demands strict proof thereof.

WHEREFORE, Defendant Univar USA, Inc., Individually and as successor to and f/k/a Van Waters & Rogers, prays that this Honorable Court enter an Order in its favor and against the Plaintiff, denying and dismissing Count II of Plaintiff's First Amended Complaint.

## COUNT III (NEGLIGENCE / FAMILY EXPENSE ACT)

1-17.    Plaintiff herein incorporates by reference paragraphs 1 through 16 of this Complaint.

**ANSWER:**    Defendant Univar herein incorporates by reference its answers to Paragraphs 1 through 17 of Plaintiff's First Amended Complaint.

18. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants mentioned above, Decedent, **WILLIAM J. MARTIS,** was exposed to and inhaled, ingested or otherwise absorbed great amounts of benzene causing him to develop the chemically induced disease aforesaid, which disabled and disfigured the Decedent and which ultimately caused his untimely caused his death; that prior to his death, Decedent also expended and became liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his chemically-induced disease and conditions; as a result Plaintiff has incurred and paid certain expenses, including medical, health care and funeral expenses.

**ANSWER:**    Defendant Univar denies the allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint.

8

WHEREFORE, Defendant Univar USA, Inc., Individually and as successor to and f/k/a Van Waters & Rogers, prays that this Honorable Court enter an Order in its favor and against the Plaintiff, denying and dismissing Count III of Plaintiff's First Amended Complaint.

## COUNT IV (STRICT LIABILITY / SURVIVAL ACT)

1-18.     Plaintiff repeats and realleges Paragraphs 1 through 17 of this amended complaint.

**ANSWER:**     Defendant Univar herein incorporates by reference its answers to Paragraphs 1 through 18 of Plaintiff's First Amended Complaint.

19. At the time Defendant manufactured, sold, and/or distributed benzene and products containing benzene to which Defendant, **WILLIAM J. MARTIS**, was exposed, and said chemicals and products were in a defective condition and were unreasonably dangerous in that:

  a.     Said products contained benzene as a constituent substance;

  b.     Said benzene was highly toxic, delirious, poisonous and harmful to the health of Decedent and others similarly situated;

  c.     Said products were not accompanied by any or adequate warnings advising of the danger of exposure to benzene or of precautions to the development and the use of products containing benzene.

**ANSWER:**     Defendant Univar denies the allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint.

20. Said substances and products reached Decedent's work site in substantially the same condition as when manufactured, distributed and sold.

**ANSWER:**     Defendant Univar denies the allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint.

21. At all times relevant herein, said products were used in the manner and environment intended, and in a manner reasonably foreseeable and anticipated by Defendants.

**ANSWER:**   Defendant Univar denies the allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint.

22. The aforesaid benzene and products containing benzene were in a defective condition and constituted abnormally hazardous and ultra hazardous substances.

**ANSWER:**   Defendant Univar denies the allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint.

23. As a direct and proximate result of said defective, unreasonably dangerous and ultra hazardous conditions of said products and processes, Decedent was exposed to and inhaled, ingested or otherwise absorbed great amounts of benzene and products containing benzene causing him to develop the benzene-related disease, myelofibrosis, which disabled and disfigured the Decedent and from which he ultimately died; Decedent also expended large sums of monies for hospital, medical and healthcare services necessary for the treatment of his chemically-induced disease and conditions; prior to his death, the Decedent experienced great physical pain and mental anguish.

**ANSWER:**   Defendant Univar denies the allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint.

WHEREFORE, Defendant Univar USA, Inc., Individually and as successor to and f/k/a Van Waters & Rogers, prays that this Honorable Court enter an Order in its favor and against the Plaintiff, denying and dismissing Count IV of Plaintiff's First Amended Complaint.

## COUNT V (STRICT LIABILITY / WRONGFUL DEATH)

1-23.    Plaintiff reincorporates by reference paragraphs 1 through 23 of this amended complaint.

**ANSWER:**   Defendant Univar herein incorporates by reference its answers to Paragraphs 1 through 23 of Plaintiff's First Amended Complaint.

24. As a direct and proximate result of said defective, unreasonably dangerous and ultra

hazardous conditions of said products and processes, Decedent was exposed to and inhaled, ingested or otherwise absorbed great amounts of benzene and products or processes containing benzene causing Decedent to develop the benzene-related disease, myelofibrosis, which disabled and disfigured Decedent and from which has ultimately died; Decedent also expended large sums of monies for hospital, medical and healthcare services necessary for the treatment of his chemically-induced disease and conditions; as a result, the children of decedent have suffered great losses of a personal and pecuniary nature, including the loss of companionship and society of the Decedent, subjecting the Defendants to liability pursuant tot 740 ILCS 180/0.01, commonly referred to as the Wrongful Death Act.

**ANSWER:**    Defendant Univar denies the allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint.

WHEREFORE, Defendant Univar USA, Inc., Individually and as successor to and f/k/a Van Waters & Rogers, prays that this Honorable Court enter an Order in its favor and against the Plaintiff, denying and dismissing Count V of Plaintiff's First Amended Complaint.

### COUNT VI (STRICT LIABILITY / FAMILY EXPENSE ACT)

1-24.    Plaintiff herein incorporates by reference paragraphs 1 through 24 of this amended complaint.

**ANSWER:**    Defendant Univar herein incorporates by reference its answers to Paragraphs 1 through 24 of Plaintiff's First Amended Complaint.

25. As a direct and proximate result of said defective, unreasonably dangerous and ultra hazardous conditions of said products and processes, Decedent was exposed to and inhaled, ingested or otherwise absorbed great amounts of benzene and products or processes containing benzene causing Decedent to develop the benzene-related disease, myelofibrosis, which disabled and disfigured Decedent and from which he ultimately died; Decedent also

expended large sums of monies for hospital, medical and healthcare services necessary for the treatment of his chemically-induced disease and conditions; Plaintiff also incurred and paid certain expenses, including medical, health care and funeral expenses.

**ANSWER:**     Defendant Univar denies the allegations contained in Paragraph 25 of Plaintiff's First Amended Complaint.

WHEREFORE, Defendant Univar USA, Inc., Individually and as successor to and f/k/a Van Waters & Rogers, prays that this Honorable Court enter an Order in its favor and against the Plaintiff, denying and dismissing Count VI of Plaintiff's First Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.    The Plaintiff has brought several causes of action against Univar sounding in both negligence and strict liability, claiming damages relating to the death of William Martis.

2.    Univar has denied all material allegations in the causes of action brought against it by the plaintiff.

3.    The plaintiff was required to bring her claims within two years of the accrual of those actions.  See 735 ILCS 5/14-202.

4.    Upon information and belief, Univar states that the plaintiff's causes of action accrued more than two years before the original cause of action brought against Univar in 2003, as part of Case No. 03 L 3196.

5.    Therefore, the plaintiff's claims against Univar are barred by the applicable statues of limitations.

WHEREFORE, Univar prays that this Court finds in favor of it, and against the plaintiff, and award it costs and other such relief this court finds just.

## SECOND AFFIRMATIVE DEFENSE

1. The plaintiff has brought several claims against Univar sounding in strict liability.

2. Univar has denied the material allegations made in the strict liability claims.

3. The plaintiff failed to bring these claims within the period of time designated by the applicable statute of repose, and therefore the strict liability claims against Univar are barred. See 736 ILCS 5/13-213 (2004).

WHEREFORE, Univar prays that this Court finds in favor of it, and against the plaintiff, and award it costs and other such relief this court finds just.

## THIRD AFFIRMATIVE DEFENSE

1. The plaintiff has brought several claims against Univar sounding in strict liability and negligence.

2. Univar has denied the material allegations made in these caused of action.

3. Notwithstanding and without prejudicing that denial, Univar states upon information and belief that that the deceased engaged in certain negligent acts or omissions, that that such acts or omissions contributed in whole or in part to his claimed injuries to such a degree that the plaintiff's recovery must be reduced, or the plaintiff must be barred from recovery of any damages sought.

WHEREFORE, Univar prays that this Court finds in favor of it, and against the plaintiff, and award it costs and other such relief this court finds just.

## FOURTH AFFIRMATIVE DEFENSE

1. The plaintiff has brought several claims against Univar sounding in strict liability.

2. Univar has denied the material allegations made in the strict liability claims.

3.  Notwithstanding and without prejudicing that denial, Univar states upon information and belief that that the deceased appreciated any dangers inherent in his own conduct, and he assumed the risk of that conduct, thereby barring any recovery against Univar.

WHEREFORE, Univar prays that this Court finds in favor of it, and against the plaintiff, and award it costs and other such relief this court finds just.

## FIFTH AFFIRMATIVE DEFENSE

1.  The plaintiff has brought several claims against Univar sounding in strict liability and negligence.

2.  Univar has denied the material allegations made in these caused of action.

3.  Notwithstanding and without prejudicing that denial, Univar states upon information and belief that that the deceased's employer was a sophisticated user of the products that the plaintiff was allegedly exposed to and injured by, and that the plaintiff's employer directed or supervised his use of those products, thus barring the plaintiff's claims against Univar.

WHEREFORE, Univar prays that this Court finds in favor of it, and against the plaintiff, and award it costs and other such relief this court finds just.

## SIXTH AFFIRMATIVE DEFENSE

The decedent's own conduct, fault, omissions and negligence was more than 50% of the proximate cause of the losses, injuries or damages of which the Plaintiff complains and Plaintiff is therefore barred from recovering any damages whatsoever from Univar pursuant to 735 ILCS 5/2-1116.

## SEVENTH AFFIRMATIVE DEFENSE

The decedent's own conduct, fault, omissions and negligence was 50% or less of the proximate cause of the losses, injuries or damages of which Plaintiff complains and

Plaintiff's recovery therefore shall be diminished in the proportion to the amount of fault attributable to the Plaintiff pursuant to 735 ILCS 5/2-1116.

### EIGHTH AFFIRMATIVE DEFENSE

Any fault attributed to Univar for Plaintiff's alleged losses, injuries or damages is less that 25% of the fault attributable to the decedent, other Defendants and any third party ho could have been sued by Plaintiff and therefore Univar can only be held severally liable for Plaintiff's alleged losses, injuries or damages pursuant to 735 ILCS 5/2-1117.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, including each and every Count thereof, fails to state a claim upon which relief can be granted against Univar.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the methods, standards, and techniques utilized in selling the product(s) at issue, and in issuing warnings and instructions with respect to the use of such product(s), were in conformity with the generally recognized, reasonably available, and reliable state of knowledge at the time such product(s) was sold.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the methods, standards, and techniques utilized in selling the product(s) at issue, and in issuing warnings and instructions with respect to the use of such products(s), were in conformity with industry custom / usage / standards and / or legislative / administrative / regulatory standards.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Univar are expressly and/or impliedly preempted by federal law.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the learned intermediary, informed intermediary, bulk supplier, and/or sophisticated user doctrines.

### FOURTEENTH AFFIRMATIVE DEFENSE

If Plaintiff has been damaged, which Univar denies, any recovery by Plaintiff is barred by the doctrine of assumption of risk.

### FIFTEENTH AFFIRMATIVE DEFENSE

The decedent has failed to mitigate his alleged damages and, therefore, any recovery should not include alleged damages that the decedent could have avoided by reasonable care and diligence.

### SIXTEENTH AFFIRMATIVE DEFENSE

Univar is entitled to a set-off, should any damages be awarded against them, for the entire amount of damages or settlement amounts recovered from other sources.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Pursuant to 735 ILCS 5/2-1205.1, Univar is entitled to a set-off for amounts that have or will be replaced or indemnified in whole or in part from a collateral source.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Univar specifically pleads all affirmative defenses under the Uniform Commercial Code now existing or which may arise in the future, including, but not limited to, those defenses provided by UCC Sections 2-607 and 2-709.

Respectfully submitted,

SMITHAMUNDSEN, LLC

By: _____/s/ Darren P. Grady_____
Attorneys for Defendant, Univar USA,
Inc., Individually and as successor to and
f/k/a Van Waters & Rogers

Eric L. Samore
Darren P. Grady
SmithAmundsen, LLC
150 North Michigan Avenue
Suite 3300
Chicago, Illinois 60601
(312) 894-3200

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 29th day of July 2008, he served the Defendant's Answer and Affirmative Defenses to Plaintiff's First Amended Complaint at Law on plaintiff's counsel on service list attached.

This pleading was served upon the attorneys, as listed above, pursuant to the Northern District of Illinois General Order on Electronic Case Filing.

[x]     Pursuant to 28 USC Section 1746(2), I certify under penalty of perjury that the foregoing is true and correct.
Executed on: July 29, 2008.

_____ /s/ Darren P. Grady _____

Eric L. Samore, ARDC # 6181345
Darren P. Grady, ARDC # 6289608
SMITH AMUNDSEN LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200
COUNSEL FOR DEFENDANTS

**SERVICE LIST**

Hershel L. Hobson
Law Offices of Hershel L. Hobson
2190 Harrison
Beaumont, TX  77701
409-838-6410
409-838-6084 (fax)
Paralegal Email:  Lucy.Bailey@bcoonlaw.com

Christopher L. Panio
Robert Neil Wadington
Robert N. Wadington  & Associates
111 W. Washington Street, Ste. 1460
Chicago, IL  60602-2703
312-629-2706
312-629-8022
chrispanio@hotmail.com

Michael John Lubeck
Cooney & Conway
120 North LaSalle Street
30th Floor
Chicago, IL  60602
312-236-6166
mlubeck@cooneyconway.com

Robert J. McLaughlin
Donald Segal
Segal McCambridge Singer & Mahoney, Ltd.
Sears Tower
233 S. Wacker Drive
Suite 5500
Chicago, IL  60606
312-645-7800
312-644-3534 (direct)
312-645-7711 (fax)
RMcLaughlin@SMSM.com

Colin Theis
Michael D. Moeller
Shook, Hardy & Bacon
2555 Grand Blvd
Kansas City, MO  64108
816-559-2124
816-474-6550
816-421-5547 (fax)
ctheis@shb.com