**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RACHEL ROLOFF, Individually and as Special Administrator of the Estate of WILLIAM J. MARTIS, Deceased, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:08-CV-02085 |
| vs. | ) | Honorable Virginia M. Kendall |
| | ) | |
| MALLINCKRODT BAKER, INC., F/K/A J.T. BAKER, INC., UN1VAR USA INC., INDIVIDUALLY AND AS SUCCESSOR TO AND F/K/A VAN WATERS & ROGERS, | ) ) ) ) ) | |
| Defendants. | | |

**MALLINCKRODT BAKER, INC., F/K/A J.T. BAKER, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW**

Mallinckrodt Baker, Inc., f/k/a J.T. Baker, Inc. ("MBI"), for its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint at Law ("First Amended Complaint"), states as follows:

**COUNT I (NEGLIGENCE/SURVIVAL ACT)**

1.    That **RACHEAL ROLOFF** is a resident of the State of Florida and is the Special Administrator of the Estate of the deceased, **WILLIAM J. MARTIS**.

**ANSWER:**    MBI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of Plaintiff's First Amended Complaint and, therefore, denies the same.

1

2.      Plaintiff brings this action pursuant to 755 ILCS 5/27-6.

**ANSWER:**    MBI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of Plaintiff's First Amended Complaint and, therefore, denies the same.

3.      This action is brought by **RACHAEL ROLOFF** as Special Administrator of the Estate of **WILLIAM J. MARTIS**, Deceased, on behalf of each of the beneficiaries of **WILLIAM J. MARTIS**, pursuant to the Illinois Wrongful Death Act, 740 LLCS 180/2.1 et seq. The beneficiaries are:

> RACHAEL ROLOFF – daughter
>
> TRISHA PELTON – daughter
>
> **JEFFREY MARTIS** - son

**ANSWER:**    MBI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of Plaintiff's First Amended Complaint and, therefore, denies the same.

4.      Each of the aforementioned beneficiaries bring this cause for loss of the financial support, love, guidance, advice and other consortium caused by the death of **WILLIAM J. MARTIS**.

**ANSWER:**    MBI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of Plaintiff's First Amended Complaint and, therefore, denies the same.

2

5.      The Defendant Mallinckrodt Baker, Inc., f/k/a J.T. Baker Inc., (hereinafter "Mallinckrodt") and Univar USA Inc., Individually and as Successor to the f/k/a Van Waters & Rogers (hereinafter "Univar") are engaged in the business of designing, processing manufacturing, selling and distributing benzene and products containing benzene.

**ANSWER:**    MBI admits that it sold and distributed benzene in the course of its business at one time. MBI denies all other allegations against it set forth in paragraph 5 of Plaintiff's First Amended Complaint. MBI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5 of Plaintiff's First Amended Complaint and, therefore, denies the same.

6.      The Defendant were and may still be doing business in the state of Illinois and have established the necessary minimum contacts with the state of Illinois.

**ANSWER:**    MBI denies that Mr. Martis was exposed to benzene that it sold or distributed at any time. MBI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 6 of Plaintiff's First Amended Complaint and, therefore, denies the same.

7.      That **WILLIAM J. MARTIS** died as the result of myelofibrosis on May 12, 2007. Decedent, **WILLIAM J. MARTIS**, was employed by BP America and/or BP America Chemical a/k/a Amoco Corporation in Joliet, Illinois during the time period of 1968 through 1999.

3

**ANSWER:**    MBI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of Plaintiff's First Amended Complaint and, therefore, denies the same.

8.    During the time, the Decedent was exposed to benzene and products containing benzene at his workplace in his duties as a lab technician and later supervisor. At all times herein, the benzene and products containing benzene were produced and/or supplied by the Defendants Mallinckrodt Baker Inc., f/k/a J.T. Baker Inc. and Univar USA Inc. and/or their successors/predecessors.

**ANSWER:**    MBI denies each and every allegation set forth in paragraph 8 of Plaintiff's First Amended Complaint.

9.    That at all times herein set forth, the Defendant's products were being employed in the manner and for the purposes for which they were intended.

**ANSWER**:    MBI denies each and every allegation set forth in paragraph 9 of Plaintiff's First Amended Complaint.

10.    The Decedent's exposure to, inhalation, ingestion and/or absorption of the benzene and products containing benzene was completely foreseeable and could or should have been anticipated by the Defendants.

**ANSWER:**    MBI denies each and every allegation set forth in paragraph 10 of Plaintiff's First Amended Complaint.

4

11.     The Defendants knew or should have known that the benzene and products containing benzene had a toxic, poisonous and highly deleterious affect upon the health of the persons inhaling, ingesting or otherwise absorbing them, such as the decedent, **WILLIAM J. MARTIS**.

**ANSWER:**     MBI denies each and every allegation set forth in paragraph 11 of Plaintiff's First Amended Complaint.

12.     At all times herein relevant, the Defendants had a duty to exercise reasonable care and caution for the safety, health and welfare of the decedent and others working with and around benzene and products containing benzene.

**ANSWER:**     MBI denies each and every allegation set forth in paragraph 12 of Plaintiff's First Amended Complaint.

13.     That Defendants failed to exercise ordinary care and caution for the safety, health and welfare of the Decedent in one or more of the following respects:

    a.    Included benzene in their products and processes, even though it was completely foreseeable and could or should have been anticipated that persons such as the Decedent, **WILLIAM J. MARTIS**, working with or around them would inhale, ingest or otherwise absorb the carcinogen;

    b.    Included benzene in their products and processes while the Defendants knew or should have known that said carcinogenic chemicals would have a toxic, poisonous and highly deleterious affect upon the health of persons handling, ingesting or otherwise absorbing them;

    c.    Included benzene in their products and processes when adequate substitutes for these carcinogenic chemicals were available;

    d.    Failed to allocate any or adequate funds to test, monitor and research the human health affects of products containing benzene or processes on

workers or in users such as the Decedent, **WILLIAM J. MARTIS**, when the Defendants knew or should have known that said carcinogenic chemicals would have a toxic, poisonous and highly deleterious affect upon the health of persons inhaling, ingesting or otherwise absorbing them;

e.    Failed to test, monitor, research and maintain data and records concerning workers and in users such as the Decedent, **WILLIAM J. MARTIS**, regarding the human health affects of benzene and products or processes containing benzene to determine and better understand the hazards to which such workers and end-users would be exposed while working with or around said products and processes;

f.    Failed to provide any or adequate warnings to Decedent, **WILLIAM J. MARTIS**, and other persons working with or around the above products and processes concerning the dangers of inhaling, ingesting or otherwise absorbing the benzene contained in them;

g.    Failed to timely provide any or adequate instructions to Decedent, **WILLIAM J. MARTIS**, to protect himself from harm when working with or around the products and processes, including specific instructions regarding how to avoid inhaling, ingesting or otherwise absorbing the benzene in such products, if such instructions, in truth, exists;

h.    Failed to recommend to Decedent, **WILLIAM J. MARTIS**, the use of adequate personal protective equipment inhaling or working with or around benzene and products or processes containing benzene;

i.    Failed to recommend adequate engineering controls to reduce or eliminate exposure of the Decedent, **WILLIAM J. MARTIS**, and other persons working with or around benzene and products and processes containing benzene;

j.    Failed to recall or cease using benzene and products and processes containing benzene which is had designed, manufactured, sold, distributed or were currently using;

k.    Breached the warranty of merchantability to the Defendant, **WILLIAM J. MARTIS**, as well as others, when the Defendants warranted either expressly or impliedly to be merchantable, when in truth, they were not;

l.    Provided the Decedent, **WILLIAM J. MARTIS**, with products containing benzene which **WILLIAM J. MARTIS** was required to work with and was exposed to while performing his duties;

6

m.  Failed to warn the Decedent, **WILLIAM J. MARTIS**, of the known originally foreseeable dangers of contracting cancer from use of the Defendants' defective and unreasonably dangerous products;

n.  Failed to place a safer product into the stream of commerce which would have prevented **WILLIAM J. MARTIS'** disease without impairing the products utility, although a safer product was economically and technologically feasible at the time the product left the control of Defendants;

o.  Knew or without exercise of reasonable care should have known that Defendants' products contained a hazardous carcinogen a chemical benzene as a product component and/or contaminant which was in a defective, unreasonably dangerous condition and that use of their products would cause cancer; AND

p.  Such other acts and/or omissions as may be shown proper at the time of trial.

**ANSWER:**  MBI denies each and every allegation set forth in paragraph 13 of Plaintiff's First Amended Complaint, including each and every subparagraph contained therein.


14.  That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants mentioned above, Decedent, **WILLIAM. J. MARTIS**, was exposed to and inhaled, ingested or otherwise absorbed great amounts of benzene and products containing benzene causing him to develop the chemically induced disease, myelofibrosis, which disabled and disfigured the Decedent and which ultimately caused his untimely death; that prior to his death, Decedent also expended and became liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his chemically-induced disease and conditions; prior to his death, the Decedent experienced great physical pain and mental anguish.

7

**ANSWER:**     MBI denies each and every allegation set forth in paragraph 14 of Plaintiff's First Amended Complaint.

MBI denies that plaintiff is entitled to a judgment against MBI or any other relief sought in the WHEREFORE clause following paragraph 14 of Plaintiff's First Amended Complaint.

## COUNT II (NEGLIGENCE/WRONGFUL DEATH)

1-14.    Plaintiff herein incorporates by reference paragraphs 1 through 14 of this amended complaint.

**ANSWER:**     MBI incorporates by reference paragraphs 1-14 of its Answer to Plaintiff's First Amended Complaint.

15.     That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants mentioned above, Decedent, **WILLIAM J. MARTIS**, was exposed to and inhaled, ingested or otherwise absorbed great amounts of benzene causing him to develop the chemically induced disease aforesaid, which disabled and disfigured the Decedent and which ultimately caused his untimely death; that prior to his death, Decedent also expended and became liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his chemically-induced disease and conditions; as a result the children of decedent have suffered great losses of a personal and pecuniary nature, including the loss of companionship and society of the decedent, subjecting the Defendants to liability pursuant tot 740 ILCS 180/0.01, commonly referred to as the Wrongful Death Act.

**ANSWER:**    MBI denies each and every allegation set forth in paragraph 15 of Plaintiff's First Amended Complaint.

16.    This action is brought by **RACHAEL ROLOFF** as Special Administrator of the Estate of WILLIAM J. MARTIS, Deceased, on behalf of each of the beneficiaries of **WILLIAM J. MARTIS**, pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/2.1 et seq. The beneficiaries are:

> **RACHAEL ROLOFF** – daughter
>
> **TRISHA PELTON** – daughter
>
> **JEFFREY MARTIS** - son

**ANSWER:**    MBI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of Plaintiff's First Amended Complaint and, therefore, denies the same.

17.    Each of the aforementioned beneficiaries bring this cause for loss of the financial support, love, guidance, advice and other consortium caused by the death of **WILLIAM J. MARTIS**.

**ANSWER:**    MBI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of Plaintiff's First Amended Complaint and, therefore, denies the same.

MBI denies that plaintiff is entitled to a judgment against MBI or any other relief sought in the WHEREFORE clause following paragraph 17 of Plaintiff's First Amended Complaint.

9

## COUNT III (NEGLIGENCE/FAMILY EXPENSE ACT)

1-17.    Plaintiff herein incorporates by reference paragraphs 1 through 16 of this Complaint.

**ANSWER:**    MBI incorporates by reference paragraphs 1-17 of its Answer to Plaintiff's First Amended Complaint.


18.    That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants mentioned above, Decedent, **WILLIAM J. MARTIS**, was exposed to and inhaled, ingested or otherwise absorbed great amounts of benzene causing him to develop the chemically induced disease aforesaid, which disabled and disfigured the Decedent and which ultimately caused his untimely caused his death; that prior to his death, Decedent also expended and became liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his chemically-induced disease and conditions; as a result Plaintiff has incurred and paid certain expenses, including medical, health care and funeral expenses.

**ANSWER:**    MBI denies each and every allegation set forth in paragraph 18 of Plaintiff's First Amended Complaint.


MBI denies that plaintiff is entitled to a judgment against MBI or any other relief sought in the WHEREFORE clause following paragraph 18 of Plaintiff's First Amended Complaint.

10

## COUNT IV (STRICT LIABILITY/SURVIVAL ACT)

1-18.   Plaintiff repeats and realleges Paragraphs 1 through 17 of this amended complaint.

**ANSWER:**   MBI incorporates by reference paragraphs 1-18 of its Answer to Plaintiff's First Amended Complaint.

19.   At the time Defendant manufactured, sold, and/or distributed benzene and products containing benzene to which Defendant, **WILLIAM J. MARTIS**, was exposed, and said chemicals and products were in a defective condition and were unreasonably dangerous in that:

    a.   Said products contained benzene as a constituent substance;

    b.   Said benzene was highly toxic, delirious, poisonous and harmful to the health of Decedent and others similarly situated;

    c.   Said products were not accompanied by any or adequate warnings advising of the danger of exposure to benzene or of precautions to the development and the use of products containing benzene.

**ANSWER:**   MBI denies each and every allegation set forth in paragraph 19 of Plaintiff's First Amended Complaint, including each and every subparagraph contained therein.

20.   Said substances and products reached Decedent's work site in substantially the same condition as when manufactured, distributed and sold.

**ANSWER:**   MBI denies each and every allegation set forth in paragraph 20 of Plaintiff's First Amended Complaint.

11

21.    At all times relevant herein, said products were used in the manner and environment intended, and in a manner reasonably foreseeable and anticipated by Defendants.

**ANSWER:**    MBI denies each and every allegation set forth in paragraph 21 of Plaintiff's First Amended Complaint.

22.    The aforesaid benzene and products containing benzene were in a defective condition and constituted abnormally hazardous and ultra hazardous substances.

**ANSWER:**    MBI denies each and every allegation set forth in paragraph 22 of Plaintiff's First Amended Complaint.

23.    As a direct and proximate result of said defective, unreasonably dangerous and ultra hazardous conditions of said products and processes, Decedent was exposed to and inhaled, ingested or otherwise absorbed great amounts of benzene and products containing benzene causing him to develop the benzene-related disease, myelofibrosis, which disabled and disfigured the Decedent and from which he ultimately died; Decedent also expended large sums of monies for hospital, medical and healthcare services necessary for the treatment of his chemically-induced disease and conditions; prior to his death, the Decedent experienced great physical pain and mental anguish.

**ANSWER:**    MBI denies each and every allegation set forth in paragraph 19 of Plaintiff's First Amended Complaint.

MBI denies that plaintiff is entitled to a judgment against MBI or any other relief sought in the WHEREFORE clause following paragraph 23 of Plaintiff's First Amended Complaint.

12

## COUNT V (STRICT LIABILITY/WRONGFUL DEATH)

1-23.    Plaintiff reincorporates by reference paragraphs 1 through 23 of this amended complaint.

**ANSWER:**    MBI incorporates by reference paragraphs 1-23 of its Answer to Plaintiff's First Amended Complaint.


24.    As a direct and proximate result of said defective, unreasonably dangerous and ultra hazardous conditions of said products and processes, Decedent was exposed to and inhaled, ingested or otherwise absorbed great amounts of benzene and products or processes containing benzene causing Decedent to develop the benzene-related disease, myelofibrosis, which disabled and disfigured Decedent and from which has ultimately died; Decedent also expended large sums of monies for hospital, medical and healthcare services necessary for the treatment of his chemically-induced disease and conditions; as a result, the children of decedent have suffered great losses of a personal and pecuniary nature, including the loss of companionship and society of the Decedent, subjecting the Defendants to liability pursuant tot 740 ILCS 180/0.01, commonly referred to as the Wrongful Death Act.

**ANSWER:**    MBI denies each and every allegation set forth in paragraph 24 of Plaintiff's First Amended Complaint.


MBI denies that plaintiff is entitled to a judgment against MBI or any other relief sought in the WHEREFORE clause following paragraph 24 of Plaintiff's First Amended Complaint.

13

## COUNT VI (STRICT LIABILITY/FAMILY EXPENSE ACT)

1-24.    Plaintiff herein incorporates by reference paragraphs 1 through 24 of this amended complaint.

**ANSWER:**    MBI incorporates by reference paragraphs 1-24 of its Answer to Plaintiff's First Amended Complaint.

25.    As a direct and proximate result of said defective, unreasonably dangerous and ultra hazardous conditions of said products and processes, Decedent was exposed to and inhaled, ingested or otherwise absorbed great amounts of benzene and products or processes containing benzene causing Decedent to develop the benzene-related disease, myelofibrosis, which disabled and disfigured Decedent and from which he ultimately died; Decedent also expended large sums of monies for hospital, medical and healthcare services necessary for the treatment of his chemically-induced disease and conditions; Plaintiff also incurred and paid certain expenses, including medical, health care and funeral expenses.

**ANSWER:**    MBI denies each and every allegation set forth in paragraph 25 of Plaintiff's First Amended Complaint.

MBI denies that plaintiff is entitled to a judgment against MBI or any other relief sought in the WHEREFORE clause following paragraph 25 of Plaintiff's First Amended Complaint.

MBI denies each and every allegation set forth in Plaintiff's First Amended Complaint, except those allegations specifically admitted herein.

14

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Mallinckrodt Baker, Inc., f/k/a J.T. Baker, Inc., requests that the Court enter judgment in its favor, for its costs, and for such further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

MBI, for its affirmative defenses to Plaintiffs First Amended Complaint, states as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for failure to join necessary and/or indispensable parties.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her alleged damages and, therefore, any recovery should not include alleged damages that plaintiff could have avoided by reasonable care and diligence.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation and/or repose. See 735 ILCS 5/13-202, 5/13-213.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of equitable estoppel, waiver, and laches.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the methods, standards, warnings, and instructions used in manufacturing, selling and/or marketing the product at issue conformed with the generally recognized, reasonably available, and reliable state of knowledge when the product was manufactured, sold and/or marketed.

## SEVENTH AFFIRMATIVE DEFENSE

All acts of MBI at the time of the alleged manufacture, sale, and/or distribution of the product at issue conformed to the state-of-the-art.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the methods, standards, warnings, and instructions used in manufacturing and/or marketing the product at issue conformed with industry custom/usage standards and/or legislative/administrative/regulatory standards.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Comment (k) Exception to Strict Tort Liability as defined by the Restatement (Second) of Torts § 402A and § 4 of the Restatement (Third) of Torts (Product Liability).

## TENTH AFFIRMATIVE DEFENSE

Pursuant to 735 ILCS 5/2-1205.1, MBI is entitled to a set-off for amounts that have or will be replaced or indemnified in whole or in part from a collateral source.

## ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiff has been damaged, which MBI denies, her damages were caused by abuse, misuse, user error and/or modification of the product at issue.

## TWELFTH AFFIRMATIVE DEFENSE

The design complained of in Plaintiff's First Amended Complaint, the alleged defects of the product, and/or any alternative design claimed by Plaintiff were not known and, in light of the existing, reasonably-available scientific and technological knowledge, could not have been known at the time the product at issue was designed, manufactured, and sold. Any alleged alternative design was not scientifically or technologically feasible or economically practical.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because MBI did not owe a legal duty to Plaintiff. If MBI owed Plaintiff a legal duty, it did not breach that duty.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because any alleged breach of duty by MBI, which it denies, was not a proximate cause of Plaintiff's damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

If Plaintiff has been damaged, which MBI denies, her damages were caused by the negligence or fault of Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

If Plaintiff has been damaged, which MBI denies, her damages were caused by the negligence or fault of persons and/or entities for whose conduct MBI is not legally responsible.

## SEVENTEENTH AFFIRMATIVE DEFENSE

If Plaintiff has been damaged, which MBI denies, the negligence or fault of Plaintiff must be compared, reducing or completely barring Plaintiff's alleged right to recover against MBI. See 735 ILCS 5/2-1116.

## EIGHTEENTH AFFIRMATIVE DEFENSE

If Plaintiff has been damaged, which MBI denies, the negligence or fault of persons and/or entities for whose conduct MBI is not legally responsible must be compared, reducing or completely barring Plaintiff's alleged right to recover against MBI. See 735 ILCS 5/2-1117.

## NINETEENTH AFFIRMATIVE DEFENSE

If Plaintiff has been damaged, which MBI denies, the negligence or fault of Plaintiff constitutes the sole, intervening, and superseding cause of Plaintiff's alleged damages.

## TWENTIETH AFFIRMATIVE DEFENSE

If Plaintiff has been damaged, which MBI denies, the negligence or fault of persons and/or entities for whose conduct MBI is not legally responsible constitutes the sole, intervening, and superseding cause of Plaintiff's alleged damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

If Plaintiff has been damaged, which MBI denies, the actions of persons or entities for whose conduct MBI is not legally responsible and the independent knowledge of these persons or entities of the risks inherent in the use of the product and other independent causes, such as pre-existing or co-existing medical conditions, constitute an intervening and superseding cause of Plaintiff's alleged damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

If Plaintiff has been damaged, which MBI denies, her damages were caused by unforeseeable, independent, intervening, and/or superseding events for which MBI is not legally responsible.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

If Plaintiff has been damaged, which MBI denies, her damages were caused by unrelated pre-existing conditions in the Plaintiff.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

If Plaintiff has been damaged, which MBI denies, any recovery by Plaintiff is barred by the doctrine of assumption of risk.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

If Plaintiff has been damaged, which MBI denies, any recovery by Plaintiff is barred to the extent Decedent voluntarily exposed himself to a known risk. Any recovery should not include alleged damages that Plaintiff could have avoided by reasonable care and diligence.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the learned intermediary, informed intermediary, bulk supplier, and/or sophisticated user doctrines.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff recovers from MBI, it is entitled to contribution, set-off, and/or indemnification, either in whole or in part, from all persons or entities whose negligence or fault proximately caused or contributed to cause Plaintiff's alleged damages.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

MBI specifically pleads all affirmative defenses under the Uniform Commercial Code ("UCC") now existing or which may arise in the future, including those defenses provided by UCC §§ 2-607 and 2-709.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, to the extent that Plaintiff has released, settled with, entered into an accord and satisfaction, or otherwise compromised her claims. MBI is entitled to a set-off for the entire amount of proceeds Plaintiff has or may recover from other sources.

## THIRTIETH AFFIRMATIVE DEFENSE

MBI intends to rely upon any additional affirmative defenses that become available during the course of investigation and/or discovery and reserves the right to amend its Answer to assert these defenses.

WHEREFORE, MBI prays that Plaintiff's First Amended Complaint be dismissed and that MBI be awarded its costs, expenses, and attorneys' fees incurred in defense of this litigation and such further relief as the Court deems just and proper.

Dated: August 1, 2008

/s/ Robert J. McLaughlin
Robert J. McLaughlin
SEGAL, MCCAMBRIDGE, SINGER &
MAHONEY
233 S. Wacker Drive, Suite 5500
Chicago, IL 60606
Telephone:    312.645.7800
Facsimile:    312.645.7711


Michael D. Moeller
Colin C. Theis
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108-2613
Telephone:    81I 6.474.6550
Facsimile:    816.421.5547

ATTORNEYS FOR DEFENDANT MBI
BAKER, INC., F/K/A J.T. BAKER, INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 1, 2008.

Dated: August 1, 2008                  <u>/s/ Robert J. McLaughlin</u>
                                       Robert J. McLaughlin